[No. 11633. In Bank. — March 23, 1887.]

## TOWN OF DIXON, Appellant, *v.* JOHN S. MAYES ET AL., Respondents.

Taxation — Municipal Corporations.— Agricultural Land within Limits of. — Land situate within the limits of a municipal corporation organized under the act of March 13, 1883, but used solely for agricultural purposes, is subject to municipal taxation.

Id. — Municipal Tax—Time of Delinquency must be Fixed. — Under the act referred to, a tax levied for municipal purposes does not become delinquent, and an action for its recovery cannot be maintained, until the board of trustees has by ordinance fixed the time when it must be paid.

Appeal from a judgment of the Superior Court of Solano County.

The facts are stated in the opinion.

*A. Manning*, and *A. L. Hart*, for Appellant.

*J. McKenna*, and *George A. Lamont*, for Respondents.

Belcher, C. C.—The town of Dixon was regularly incorporated, with fixed and defined boundaries, by an act of the legislature approved March 30, 1878 (Stats. 1877–78, p. 712). It was afterward reorganized with the same boundaries as a municipal corporation of the sixth class, under the provisions of an act of the legislature entitled "An act to provide for the organization, incorporation, and government of municipal corporations," approved March 13, 1883 (Stats. 1883, p. 93).

The defendant Mayes owned certain real property situate within the corporate limits of the town, and among other pieces a strip of land four hundred feet wide and seventy-three rods long, which was a part of an adjoining farm owned by him. In 1884 all his real and personal property within the corporate limits was assessed for municipal purposes, and a tax of fifty cents on the one hundred dollars was levied thereon. He refused to pay the tax, and this action was brought to recover it.

Two points were made by the defendant in the court below, and are made here: 1. That the strip of land referred to was used solely for farming purposes, and so was not subject to municipal taxation; and 2. That the board of trustees of the town had never provided by ordinance any system for the assessment, levy, and collection of taxes as required by the act of March 13, 1883 (section 871), and for that reason the levy was not authorized and the tax was not delinquent, and therefore its collection could not be enforced.

Upon the first point the court found as follows:—

"That said strip includes at its extreme west end the dwelling-house, corral, barn, orchard, water-tank, and out-buildings of said John S. Mayes, and is part of the farm of said John S. Mayes, consisting of one thousand

acres, and is used entirely in connection therewith, and had been inclosed with a fence and so used for some years prior to the incorporation of said town in 1878, and is now·so used.

" That said land is not benefited by being within said limits of said town; is not laid out in lots or platted; has no streets, or alleys, or sidewalks, sewers, gas-mains, or other municipal improvements or appliances and conveniences, and is not needed by said town for any of these purposes."

The court further found as a conclusion of law that the strip of land was not subject to taxation for municipal purposes, and that the tax levied against it and the improvements thereon was therefore illegal and void.

In some of the states decisions have been rendered sustaining and in others holding against the views of the court below. The same question was presented to this court in *City of Santa Rosa* v. *Coulter*, 58 Cal. 537, and it was there held that land situate within the city limits but used solely for agricultural purposes was subject to municipal taxation. That case was, in our opinion, rightly determined, and is decisive of this.

It should perhaps be added that the case is not referred to in the briefs filed by counsel, and was therefore probably not called to the attention of the court below at the time of the trial.

Upon the second point the court found, in effect, that no ordinance had been passed providing a system for the assessment, levy, and collection of taxes, but that all the taxable property within the town, including that of defendant, was duly assessed by an assessor elected, qualified, and acting for that purpose; that the assessor made a true list of the property, and that the same, properly verified, was submitted to the board of trustees acting as a board of equalization, and all of the returns of the assessor thereon were by the board examined, considered,

and rectified; that the tax was levied by the board of trustees on the sixteenth day of September, 1884, by a resolution duly passed and entered upon its records, and was thereafter properly apportioned upon the assessment roll, but no provision was made for its collection or as to the time when it would become delinquent; that the tax list was placed in the hands of the town marshal for collection, and in January following a delinquent list was delivered to the town attorney, and this action commenced.

Upon these facts the court was of the opinion that the tax levied against the defendant's property other than the strip of land, improvements and personal property thereon, before referred to, was valid and lawful, and the plaintiff was entitled to a judgment therefor, which was accordingly entered.

From that judgment entered in the court below the plaintiff appealed, but the defendant did not appeal.

Section 871 of the act of March 13, 1883, provides as follows: —

"The board of trustees shall have power, and it shall be their duty, to provide by ordinance a system for the assessment, levy, and collection of all city or town taxes, not inconsistent with the provisions of this chapter, which system shall conform, as nearly as the circumstances of the case may permit, to the provisions of the laws of this state in reference to the assessment, levy, and collection of state and county taxes, except as to the times for such assessment, levy, and collection, and except as to the officers by whom such duties are to be performed. All taxes assessed, together with any percentage imposed for delinquency, and the costs of collection, shall constitute liens on the property assessed from and after the first Monday in March in each year; which liens may be enforced by a summary sale of such property, and the execution and delivery of all necessary certificates and deeds therefor, under

such regulations as may be prescribed by ordinance, or by actions in any court of competent jurisdiction to foreclose such liens."

Other sections of the statute provide for the levy of a tax, the amount thereof, and by whom it shall be levied, the assessment of property and the time when and by whom it shall be assessed, the equalization of the assessment, and the manner of collecting the tax and apportioning the money when collected; but we fail to find any provision as to the time when a tax may be levied, or when it will become delinquent if not paid.

Assuming, in the absence of any statutory provision as to the time when a tax may be levied, that the board of trustees may levy it at any time when it suits their convenience and the needs of the town, still it cannot become delinquent until there has been some authoritative determination as to the time when it must be paid.

As no time has been fixed by statute or ordinance when the tax involved in this case should be paid, it did not become delinquent, and the action for its recovery was therefore improperly brought.

It follows that the judgment should be affirmed.

SEARLS, C., and FOOTE, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.