ERASTUS TAYLOR V. THE CITY OF WAVERLY, Appellant.

**City Taxes:** AGRICULTURAL LANDS.  Plaintiff's land, within defend-
ant's city limits, had always been used for agricultural purposes,
except that the dwelling house was once used for a residence by
one not engaged in farming, and it was remote from the platted
portion of the city.  None of it had ever been laid out in city
lots or held for speculation, and the nearest street or alley, except
a public highway on one side, was two hundred and fifty rods
away.  The nearest city lamp was two hundred and fifty rods dis-
tant, and the nearest water supply for extinguishing fires was a
mile distant.  The city does not confine the use of its library to
residents.  The land is not available as city property under the
existing demands of the city and it derives no benefit from taxes
for city purposes except from such road tax as keeps in repair
a highway to the city.  *Held*, that the property was exempt from
taxation for city purposes.

*Appeal from Bremer District Court.*—HON. P. W. BURR,
Judge.

WEDNESDAY, MAY 22, 1895.

Plaintiff, the owner of ninety acres of land sit-
uated within the incorporated limits of the defendant
city, prosecutes this action to cancel certain taxes
levied upon said lands for general incorporation pur-
poses for the year 1893, and to restrain the collection
thereof.  Judgment was entered for plaintiff as prayed.
Defendant appeals.—*Affirmed*.

*A. M. Potter* and *Gibson & Dawson* for appellant.

*G. W. Ruddick* for appellee.

Given, C. J.—I.  The grounds upon which the
plaintiff claims that his lands are exempt from taxation

for general municipal purposes other than for road tax
are as follows:

"Par. 3. That said lands and each piece and tract
thereof is occupied and used in good faith by the owner
for agricultural purposes only.

"Par. 4. that none of said lands have been laid
out or platted into city lots, nor is it held for future
speculation as city property or for platting as such.

"Par. 5. That none of it adjoins any part of the
platted portion of said city, nor does any of it lie so
near to the platted part of the city that the corporate
authorities cannot open and improve its streets and
alleys and extend to the inhabitants of the city the
usual police regulations and advantages without inci-
dentally benefiting the proprietors in personal privi-
leges and accommodations or the enhancement of the
value of any part thereof.

"Par. 6. That none of the land derives any benefit
from the water works or the street lighting or the
police regulations of said city, or any special advan-
tages from the work done on streets of the city, and
none of the lands are needed for the extension of the
streets or alleys of said city."

The rule in such cases is stated in *Fulton v. City of
Davenport,* 17 Iowa, 405, as follows: "But the rule
which we would deduce on this subject, and under
which a large majority of cases might, as it seems to us,
be determined is this: When the proprietors of
undedicated town property, being locally within the
corporate limits, hold such close proximity to the set-
tled and improved parts of the town that the corporate
authorities cannot open and improve its streets and
alleys, and extend to the inhabitants thereof its usual
police regulations and advantages, without incident-
ally benefiting such proprietors in their personal privi-
leges and accommodations, or in the enhancement of

their property, then the power to tax the same arises; but in its exercise great care and circumspection should be observed, lest perchance injustice and oppression may ensue." In *Durant v. Kauffman,* 34 Iowa, 194, it is said: "The mere fact that lands are included within the limits of a municipal corporation does not authorize their taxation for general city purposes. Under certain conditions, they are exempt therefrom. These conditions are such that the property proposed to be taxed derives no benefit from being within the city limits. This is the rule recognized by the various decisions of this court upon this subject,"—citing cases.

II.   We think the evidence fully establishes each of the allegations made by plaintiff quoted above. The land has always been occupied and used for agricultural purposes only, except that for a time the dwelling house, outbuildings, and ground used therewith were rented for residence purposes to one who was not engaged in farming the land. The land is not adjoining the platted portion of the defendant city, but is remote therefrom, with other unplatted farm lands lying between. None of this land has ever been laid out or platted into city lots, nor does it appear to have been held for future speculation as city property. There is no street or alley extending to these lands, except a public highway, running along the west line thereof. The nearest street, alley, or sidewalk is two hundred rods distant from said land, the nearest hydrant two hundred and fifty rods, the nearest city lamp two hundred and fifty rods, and the nearest water supply for extinguishing fire is one mile distant, and the property is outside of the reach of the city's fire protection. It is argued on behalf of appellant that the property was not being used exclusively for agricultural purposes, that it was at least incidentally benefited by the police and fire protection afforded by the

city, and by the privileges of the city library. We do not think that the mere fact that the house was separately rented from the lands for a time made the use other than it theretofore had been, namely, for agricultural purposes. It is quite evident that this remote place neither needed nor received and protection from the very limited police force of the defendant city, and, as we have said, the property was entirely out of reach of any of the appliances of the city for extinguishing fires. While it is true the occupants of this property might enjoy the privileges of the city library, it does not appear that those privileges were limited to residents within the city limits. The fact is that this land, remote as it is, is not available as city property for either residence or business purposes, under the present demands of the defendant city. It does not adjoin the platted portion of the city, is not needed for streets or alleys, and derives no benefit whatever from taxes expended for city purposes other than the road tax which goes to keep in repair the highway by which the city is reached. We think the case is clearly within the rule as we have quoted it above, and that the judgment of the district court should be *affirmed*.