CASE 63—INJUNCTION AGAINST MUNICIPAL TAXATION.

# Hughes v. Carl, Etc.

APPEAL FROM PULASKI CIRCUIT COURT.

MUNICIPAL CORPORATIONS—TAXATION.—Since the adoption of the new Constitution all property within the territorial limits of a municipal corporation is subject to taxation regardless of the question of benefits actual or presumed.

O. H. WADDLE FOR APPELLANT.   (J. P. HORNIDAY OF COUNSEL).

The case of Board of Councilmen of the City of Frankfort v. Scott, 19 Ky. Law Rep., 1068, is conclusive of this case.

G. W. SHADOAN FOR APPELLEES.

The taxation of appellee's property is illegal because they derive no benefit from the city government.   Constitution, sec. 242; old Constitution, sec. 14, art. 13; 15 B. M., 498; 87 Ky., 267; 391; 92 Ky., 342; 10 Ky. Law Rep., 146, 185; 16 Ky. Law Rep., 172; 13 Ky. Law Rep., 603.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The judgment below perpetuates an injunction granted on behalf of appellees, property owners in the outer limits of the city of Somerset, for the reason, that, whilst their property is situated within the boundary lines of the city, they do not receive a corresponding benefit from the taxation sought to be enforced by the city authorities.   In this judgment the chancellor followed the rule under the old Constitution as repeatedly announced by this court, and, while no change of this ruling growing out of the new Constitution had been announced by this court when this case was heard below, it has been authoritatively determined by this court recently that the provisions of the new Constitution requiring that taxes shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax, and prohibiting the ex-

emption from taxation of any property except such as is exempted by the Constitution, preclude the application of the old rule relieving the outlying property from taxation when it is in fact situated within the territorial limits of the city. (Board of Councilmen of Frankfort v. Scott, 19 Ky. Law Rep., 1068, [42 S. W., 104].

It is true that the usual reason given for the prevalence of the old rule was that to tax for city purposes those living in the remote parts of the city whose lands had not been laid off into city lots, or used as city property, and who had scant, if any, police protection, would amount to a taking of private property for public use without just compensation, and, therefore, a violation of section 14, article 13, of the old Constitution; and it is likewise true that the present Constitution, no more than the old, permits this to be done. It would seem, therefore, to follow that, if the old rule was ever supported by a good reason, there would be the same reason for its application under the new as there was under the old Constitution. But the old rule was never satisfactory, because impracticable. It seemed, in principle, to suggest a comparative basis for the taxation of property within the city, levying the greater tax on those more favorably located, and graduating the taxes of each taxpayer according to the benefits received. There was constant friction under the old system, and the courts were rarely without cases involving the question of taxation of outlying property. There are many reasons why such cases were rapidly multiplying, rather than diminishing, under the old rule.

When, therefore, the provisions of the new Constitution seemed to demand absolute uniformity of taxation within the territorial limits of the tax-

ing authority, the courts seized the opportunity of changing the rule. And, moreover, the rule announced in the Scott case is entirely just. It does not violate the principle that generally those getting the greatest benefit from the city government should pay the greatest tax. It is easy to see that, the fewer benefits received by any given property, the less will be its value, and the less, therefore, will it be taxed. The judgment must be reversed for proceedings consistent herewith.