## ST. LOUIS & SOUTHWESTERN RAILWAY COMPANY v. NATTIN, TAX COLLECTOR.

No. 263. Argued March 2, 1928.—Decided May 14, 1928.

158

*Mr. John D. Wilkinson,* with whom *Messrs. J. R. Turney, C. Huffman Lewis,* and *William Scott Wilkinson* were on the brief, for appellants.

*Messrs A. M. Wallace, Roberts C. Milling,* and *R. E. Milling, Jr.,* were on the brief, for appellee.

Mr. Justice McReynolds delivered the opinion of the Court.

This cause was heard by a specially constituted District Court—three judges. Jud. Code, Secs. 283, 266. It dismissed the bill and directed that the costs, together with ten per cent. damages, be assessed against appellant. The opinion of the court, considered with the argument here, so plainly demonstrates the lack of merit in the claims advanced that we need not discuss them at length.

The appellant owns a line of railroad lying partly in Bossier Parish, Louisiana, also all stock of the corporate owner of the bridge over Red River at Bossier City. Purporting to proceed as directed by the state statute, the Police Jury of that Parish undertook to create from the major part of its territory a Consolidated Road District, to issue bonds thereof to pay for constructing a highway therein and to lay an ad valorem tax upon all property within the District to meet the obligation. Appellant asked for an injunction prohibiting any attempt to

collect the taxes levied and assessed for the year 1926. None of the alleged grounds for relief is substantial.

In Louisiana the police jury, subordinate to the state legislature, is the governing body of the parish. A statute of the State empowers these juries to create road districts from such portions of their parishes as they may determine and, with the approval of a popular vote, to construct roads and issue bonds to pay therefor.

The validity of this statute is challenged upon the ground that it fails to provide the taxpayer with proper opportunity to be heard. A sufficient short answer is that under the repeated decisions here this is not essential. *Valley Farms Co.* v. *Westchester County*, 261 U. S. 155, *Hancock* v. *Muskogee*, 250 U. S. 454. But here in fact the appellant had abundant opportunity to present objections to the proposed plan.

We find nothing in the Constitution of Louisiana, when reasonably construed, which inhibited the collection in 1926 of a tax partly intended to supply funds to meet installments of principal and interest upon bonds maturing in March, 1927.

As the assailed tax was general and ad valorem, its legality does not depend upon the receipt of any special benefit by the taxpayer.

The local statutes provided ample opportunity for the appellant to contest the valuation of its property for taxation purposes.

Without doubt a local legislative body, when properly authorized, may lay general ad valorem taxes upon all property within its jurisdiction, including that of common carriers engaged in interstate commerce, without violating the Federal Constitution. That such taxation does not amount to regulation of interstate commerce is settled doctrine.

The decree below is affirmed.

*Affirmed.*