STATE OF MISSOURI EX REL. C. C. KELLETT, Collector of City of Thayer, v. OGLESBY JOHNSON, Appellant.—50 S. W. (2d) 121.

Division One, May 27, 1932.

*Barton & Moberly* for appellant.

*H. D. Green, Jr.,* for respondent.

ATWOOD, J.—Thayer is a city of the fourth class. It held an election on January 8, 1924, to test the sense of its qualified voters on a proposition to issue bonds to amount of $75,000 for the purpose of acquiring waterworks and an ice plant. It is conceded that when the election was held the city had a population of 1738, more than 450 of which number were qualified voters, that 300 votes were cast in favor of the proposition and 132 against it, and that the city's as-

sessed valuation ascertained by the assessment next before the last assessment for State and county purposes previous to the incurring of this indebtedness was $689,585. This is a suit for taxes duly levied after the proposition was declared carried against certain real estate subject thereto because of such indebtedness, and defendant has appealed from an adverse judgment.

This indebtedness was incurred under Section 7400, Revised Statutes 1929 (Laws 1921, 1st Ex. Sess., p. 118) which enables any city containing not more than 30,000 inhabitants, with the assent of two-thirds of the voters thereof voting at an election to be held for that purpose, "to become indebted in a larger amount than specified in Section 12 of Article 10 of the Constitution of this State, not exceeding an additional ten per centum on the value of the taxable property therein, for the purpose of purchasing or constructing water-works, ice plants," etc.

Appellant's first contention is that the judgment "was in contravention of Article 10, Section 12a, of the Constitution of the State of Missouri, and in contravention of Article 10, Section 3, of the Constitution of the State of Missouri, as Article 10, Section 12a, provides: 'that not more than ten per cent can be voted for waterworks, etc.' It was agreed that the assessed valuation of the property was only $689,585 and that the sum of $75,000 was voted for waterworks and ice plant."

■ Section 12a, Article 10 of the Constitution (adopted at general election November 2, 1920, Laws 1921, p. 708) is constitutional authority for the enactment of above mentioned Section 7400, and the portion here relevant is as follows: "Any city in this State, containing not more than thirty thousand inhabitants may, with the assent of two-thirds of the voters thereof voting at an election held for that purpose, be allowed to become indebted in a larger amount than specified in Section 12 of Article 10 of the Constitution of this State, not exceeding an additional ten per centum on the value of the taxable property therein, for the purpose of purchasing or constructing water-works, ice plants," etc. Appellant not only misquotes but entirely misconceives the meaning of the clause referred to in his above contention. In State ex rel. City of Marshall v. Hackman, 274 Mo. 551, 560, 203 S. W. 960, we held that the amount of such bonds may exceed the "additional" per centum (then five per cent) allowed by Section 12a, Article 10, where all indebtedness did not exceed the aggregate of limitations (then ten per cent) fixed in Sections 12 and 12a of Article 10. To the same effect is State ex rel. City of Carthage v. Gordon, 217 Mo. 103, 123, 116 S. W. 1099. Also see State ex rel. City of Carthage v. Hackmann, 287 Mo. 184, 229 S. W. 1078. The additional five (5) per centum allowed by Section 12a of Article 10 was increased to ten (10) per centum in Section 12a of Article 10 adopted

in 1920, supra, and it has ever since remained the same. The aggregate of the limitations of indebtedness fixed by Sections 12 and 12a of Article 10 is and was at the time of the city election in question fifteen (15) per centum, and as the record before us does not disclose the existence of any other city indebtedness it is apparent that the $75,000 bond issue does not exceed the constitutional limits.

It is also urged in appellant's behalf that the tax here in question levied against appellant's lot is invalid because prior to the election the mayor and aldermen made public a plan of locating the water mains, fire plugs, etc., which was changed after the election and a result of such change was that appellant's lot and lots owned by other taxpayers were without the benefit of waterworks for fire protection and domestic use.

It does not appear that the making or publication of a plan of installing the waterworks system was legally any part of the election procedure, or that such was done for the purpose of misleading voters, or that the result of the election was affected thereby. The fact that the waterworks system was not extended to every part of the city would not make the tax levy void as to lots not served. In 44 Corpus Juris, page 1283, Section 4308, note 4, it is said: "A water tax is not void because every part of the municipality is not supplied with water." [See, also, Van Giesen v. Bloomfield, 47 N. J. L. 442, 448-9; State, Hoey, Pros., v. Collector of Ocean Township, 39 N. J. L. 75, 78; 6 McQuillin's Municipal Corporations (2 Ed.) p. 321, sec. 2549.]

Counsel for appellant also urge that inasmuch as it was conceded that the city had more than 450 qualified voters and only 300 votes were cast in favor of the proposition, it failed to receive the necessary two-thirds vote. Counsel overlook the language of Section 12a, Article 10, supra, which only requires "the assent of two-thirds (2/3) of the voters thereof voting at an election held for that purpose." The total number of voters who voted at this election was 432. Hence, the voters represented by the 300 votes cast in favor of the proposition constituted more than two-thirds of the voters voting at the election, and the proposition was properly declared carried. [Franklin v. School District, 271 Mo. 585, 593, 197 S. W. 345; State ex rel. Kansas City v. Orear, 277 Mo. 303, 311, 210 S. W. 392; State ex rel. City of Sikeston v. Thompson (Mo. Sup.), 31 S. W. (2d) 49.]

For the reasons above stated the judgment is affirmed. All concur.