## YERIAN v. TERRITORY OF HAWAII.
### No. 9972.

Circuit Court of Appeals, Ninth Circuit.
Sept. 8, 1942.

Calvin C. McGregor, of Honolulu, T. H., for appellant.

Ernest K. Kai, Atty. Gen., Territory of Hawaii, Rhoda V. Lewis, Deputy Atty. Gen. of Honolulu, T. H., and Kenneth E. Young, Asst. Atty. Gen. of Honolulu, T. H., for appellee.

Before GARRECHT, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment of the Supreme Court of the Territory of Hawaii (In re Yerian, 35 Haw. 855) which affirmed a decision of the Tax Appeal Court of the Territory which sustained the assessment of a tax of $1.80 upon a salary of $300 received by appellant during the month of December, 1939, for personal services performed by him within the Territory as an employee of the Home Owners' Loan Corporation.

The tax was assessed under and pursuant to Act 209, Session Laws[1] 1933 (Revised Laws,[2] Appendix, chapter IV), as amended,[3] hereafter called the Welfare Act.[4] Section 3 (a) of the Welfare Act[5] provides that, with inapplicable exceptions: "There shall be assessed, levied, collected and paid for each month, a tax of six-tenths of one per centum upon the amount of all compensation * * * received by every person during all or any part of such month."

Section 1 (d) of the Welfare Act[6] defines "compensation" as including "commissions, fees, wages, salaries, bonuses and every and all other kinds of compensation paid for or attributable to personal services performed within the Territory received by an individual, which services have been performed by such person as an employee under the direction and control of the employer."

Section 1 (a) of the Welfare Act[7] defines "employer" as including "any individual, person, trust estate, decedent's estate, business trust, corporation, association, joint stock company, national bank, insurance company, partnership or other entity or group employing any person" and as including "the United States and instrumentalities of the United States."

The Home Owners' Loan Corporation is an instrumentality of the United States. Home Owners' Loan Act of 1933, § 4 (a), 12 U.S.C.A. § 1463 (a). It is also, and was during December, 1939, a corporation employing appellant and other persons. It therefore was an "employer" and the salary it paid appellant was "compensation," within the meaning of the Welfare Act. The tax upon that compensation was assessed as provided in the Welfare Act. It follows that, if the Welfare Act is valid, the assessment was valid.

Appellant contends that the Welfare Act is invalid because it taxes compensation of employees of instrumentalities of the United States. Congress, he says, has not empowered the Territorial Legislature to tax such compensation. We think otherwise. Section 55 of the Hawaiian Organic Act, 48 U.S.C.A. § 562, provides: "The legislative power of the Territory shall extend to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States locally applicable." The "rightful subjects of legislation" mentioned in § 55 include, of course, the subject of taxation. W. C. Peacock & Co. v. Pratt, 9 Cir., 121 F. 772, 776. By § 55, Congress "vested in the Legislature of Hawaii the full taxing power which had theretofore existed in Congress over that Territory." Kitagawa v. Shipman, 9 Cir., 54 F.2d 313, 318.

---

[1] The phrase "Session Laws," wherever used in this opinion, means Session Laws of Hawaii.

[2] The phrase "Revised Laws," wherever used in this opinion, means Revised Laws of Hawaii 1935.

[3] Session Laws 1935, Act 135, p. 323, §§ 1–3, Session Laws 1937, Act 242, p. 285, §§ 48–51; Session Laws 1939, Act 213, § 15; Session Laws 1939, Act 238, p. 342, §§ 4–7; Session Laws 1939, Act. 241, p. 80, §§ 2–4; Session Laws 1939, Act 252, p. 77, § 3.

[4] Section 2 of the Act, as amended by § 1(b) of Act 135, p. 324, Session Laws 1935, provides that the Act may be cited as the "Hawaii Unemployment Relief and Welfare Act." Subsequent amendments, eliminating from the Act all provisions for unemployment relief, made that title inapt. The Act was not, at any time here pertinent, an unemployment relief act. It was and is a welfare act.

[5] As amended by § 6 of Act 238, p. 354, Sessions Laws 1939.

[6] As amended by § 3 of Act 252, p. 77, Session Laws 1939.

[7] As amended by § 2 of Act 241, p. 80, Session Laws 1939.

With respect to taxation of instrumentalities of the United States, the power conferred by § 55 is as great as, and no greater than, the powers of the States with respect to such taxation. Talbott v. Board of Com'rs Silver Bow County, 139 U.S. 438, 11 S.Ct. 594, 35 L.Ed. 210; Domenech v. National City Bank, 294 U.S. 199, 55 S.Ct. 366, 79 L.Ed. 857. A Territory cannot, any more than a State can, tax an instrumentality of the United States without the consent of Congress. Domenech v. National City Bank, supra. Section 55, granting as it does a general power to tax, cannot be construed as giving such consent. Domenech v. National City Bank, supra.

In the case at bar, however, we are not concerned with a tax upon instrumentalities of the United States. The Welfare Act imposes no such tax. It does impose a tax upon compensation of employees of instrumentalities of the United States. We are concerned with that tax only in so far as it applies to compensation of employees of the Home Owners' Loan Corporation. Congress has not exempted such compensation from taxation. Graves v. People of New York ex rel. O'Keefe, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466. Therefore such compensation could be taxed, even if Congress had not given its consent to such taxation. Graves v. People of New York ex rel. O'Keefe, supra. See, also, State Tax Commission v. Van Cott, 306 U.S. 511, 59 S.Ct. 605, 83 L.Ed. 950. Actually, however, Congress gave such consent by § 4 of the Public Salary Tax Act of 1939, 5 U.S.C.A. § 84a, which provides:

"The United States hereby consents to the taxation of compensation, received after December 31, 1938, for personal service as an officer or employee of the United States, any Territory or possession or political subdivision thereof, the District of Columbia, or any agency or instrumentality of any one or more of the foregoing, by any duly constituted taxing authority having jurisdiction to tax such compensation, if such taxation does not discriminate against such officer or employee because of the source of such compensation."

The tax here involved was upon compensation received by appellant after December 31, 1938, for personal service as an employee of an instrumentality of the United States. It was imposed by a duly constituted authority (the Territorial Legislature) having jurisdiction to tax such compensation and does not discriminate against appellant because of the source of such compensation. We conclude that the tax was consented to by Congress.

There is no merit in appellant's contention that, because he was not domiciled in Hawaii, the Territorial Legislature had no jurisdiction to tax his compensation. Appellant arrived in Hawaii in November, 1939. He was there during the entire month of December, 1939—the month in which he earned and received the compensation upon which the tax here involved was assessed. He was there when the assessment was made and, so far as the record shows, is still there. Whether or not he had or has his domicile in Hawaii is immaterial. Shaffer v. Carter, 252 U.S. 37, 49–59, 40 S.Ct. 221, 64 L.Ed. 445; Travis v. Yale & Towne Mfg. Co., 252 U.S. 60, 75, 40 S.Ct. 228, 64 L.Ed. 460; Haavik v. Alaska Packers' Ass'n, 263 U.S. 510, 44 S.Ct. 177, 68 L.Ed. 414.

Nor is it material, if true, that appellant will derive no benefit from the expenditure of moneys realized from the tax imposed by the Welfare Act. Jurisdiction to impose a tax does not depend upon the receipt by the taxpayer of a benefit therefrom. Thomas v. Gay, 169 U.S. 264, 280, 18 S.Ct. 340, 42 L.Ed. 740; Gromer v. Standard Dredging Co., 224 U.S. 362, 371, 32 S.Ct. 499, 56 L.Ed. 801; St. Louis & Southwestern R. Co. v. Nattin, 277 U.S. 157, 159, 48 S.Ct. 438, 72 L.Ed. 830; Carley & Hamilton v. Snook, 281 U.S. 66, 72, 50 S.Ct. 204, 74 L.Ed. 704, 68 A.L.R. 194; Nashville, C. & St. L. Ry. v. Wallace, 288 U.S. 249, 268, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191; Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 521–525, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327; Inter-Island Steam Navigation Co. v. Territory of Hawaii, 305 U.S. 306, 314, 59 S.Ct. 202, 83 L.Ed. 189. "A tax is not an assessment of benefits." Carmichael v. Southern Coal & Coke Co., supra; Inter-Island Steam Navigation Co. v. Territory of Hawaii, supra.

It is true, as appellant points out, that the Welfare Act discriminates against civilian employees, including employees of instrumentalities of the United States, by taxing their compensation and exempting the compensation of enlisted personnel of the army, navy and marine corps,[8]

---

[8] Welfare Act, § 3, as amended by § 3 of Act 241, Session Laws 1939.

and discriminates against employees of non-resident employers, including employees of instrumentalities of the United States, by requiring them to file monthly returns showing compensation received and taxes due by them[9] and not requiring employees of resident employers to file such returns, but requiring instead that such returns be filed by their employers.[10] These discriminations, however, are not "because of the source of such compensation" of employees of instrumentalities of the United States and hence do not violate the condition attached to the consent given by § 4 of the Public Salary Tax Act.

■ Appellant contends that these discriminations make the Welfare Act unconstitutional. There is no merit in this contention. The Legislature was not required to treat all employees alike. It could classify them. It could tax one class and exempt another. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 509, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327; Steward Machine Co. v. Davis, 301 U.S. 548, 583–585, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293.[11] It could prescribe different means for collecting the tax from different classes of employees. Western Union Telegraph Co v. State of Indiana, 165 U.S. 304, 309, 17 S.Ct. 345, 41 L.Ed. 725. Thus it could, as it did, require one class to file returns and exempt another class from that requirement. These discriminations are not arbitrary or unreasonable and hence do not violate the Constitution.

■ Appellant contends that, in taxing compensation of employees of instrumentalities of the United States, the Welfare Act violates the Social Security Act, 42 U.S.C.A. §§ 301–1307, the Federal Insurance Contributions Act, 26 U.S.C.A. Int.Rev. Code, §§ 1400–1432,[12] and the Federal Unemployment Tax Act, 26 U.S.C.A. Int.Rev. Code, §§ 1600–1611.[13] There is no merit in this contention. The Social Security Act does not, and did not at any time here pertinent, relate to or deal with the subject of taxation—Federal, State or Territorial.[14] The Federal Insurance Contributions Act does not, and never did, relate to or deal with the subject of State or Territorial taxation. Except as indicated below, the Federal Unemployment Tax Act does not, and never did, relate to or deal with the subject of State or Territorial taxation of compensation of employees of instrumentalities of the United States.

■ Subsection (b) of § 1606 of the Federal Unemployment Tax Act, 26 U.S.C. A. Int.Rev.Code, § 1606 (b), provides that, to the extent and subject to the conditions specified in subsection (b), "The legislature of any State[15] may require any instrumentality of the United States (except such as are (A) wholly owned by the United States, or (B) exempt from the tax imposed by section 1600[16] by virtue of any other pro-

---

[9] Welfare Act, § 8, as amended by § 4 (A) of Act 241, Session Laws 1939.

[10] Welfare Act, § 4, as amended by § 3 of Act 252, p. 78, Session Laws 1939; Welfare Act, § 5.

[11] See, also, Bell's Gap R. Co. v. Com. of Pennsylvania, 134 U.S. 232, 236–238, 10 S.Ct. 533, 33 L.Ed. 892; Magoun v. Illinois Trust & Savings Bank, 170 U.S. 283, 293–301, 18 S.Ct. 594, 42 L.Ed. 1037; American Sugar Refining Co. v. State of Louisiana, 179 U.S. 89, 93–95, 21 S.Ct. 43, 45 L.Ed. 102; Armour Packing Co. v. Lacy, 200 U.S. 226, 235, 26 S. Ct. 232, 50 L.Ed. 451; Southwestern Oil Co. v. State of Texas, 217 U.S. 114, 121–127, 30 S.Ct. 496, 54 L.Ed. 688; Brown-Forman Co. v. Com. of Kentucky, 217 U.S. 563, 572–574, 30 S.Ct. 578, 54 L. Ed. 883; Quong Wing v. Kirkendall, 223 U.S. 59, 62, 32 S.Ct. 192, 56 L.Ed. 350; Heisler v. Thomas Colliery Co., 260 U. S. 245, 254–257, 43 S.Ct. 83, 67 L.Ed. 237; Oliver Iron Co. v. Lord, 262 U. S. 172, 179, 43 S.Ct. 526, 67 L.Ed. 929; Stebbins v. Riley, 268 U.S. 137, 141–143, 45 S.Ct. 424, 69 L.Ed. 884, 44 A.L.R.

1454; Ohio Oil Co. v. Conway, 281 U.S. 146, 159, 50 S.Ct. 310, 74 L.Ed. 775; State Board of Tax Commissioners v. Jackson, 283 U.S. 527, 537–542, 51 S.Ct. 540, 73 A.L.R. 1464.

[12] Derived in part from title VIII (§§ 801–811) of the Social Security Act, 42 U.S.C.A. §§ 1001–1011.

[13] Derived in part from title IX (§§ 901–910) of the Social Security Act, 42 U.S.C.A. §§ 1101–1110.

[14] Originally and until February 10, 1939, titles VIII and IX (§§ 801–910) of the Social Security Act, 42 U.S.C.A. §§ 1001–1110, contained provisions relating to Federal taxation. These provisions were eliminated from the Social Security Act by § 4(a) of the Act of February 10, 1939, c. 2, 53 Stat. 1, 174–179, 183–188, 26 U.S.C.A. Int.Rev.Code §§ 4(a) and 1400 et seq., 1600 et seq.

[15] As used in the Federal Unemployment Tax Act, the term "State" includes Hawaii. See § 1607(j).

[16] Section 1600 imposes a Federal excise tax upon employers of eight or more individuals.

vision of law), and the individuals in its employ, to make contributions to an unemployment fund under a State unemployment compensation law." The Welfare Act is not an unemployment compensation law,[17] nor does it require any instrumentality or any individual to make any contribution to an unemployment fund. Hence subsection (b) has no relevancy here.

Section 1426 (b) (6) of the Federal Insurance Contributions Act, 26 U.S.C.A. Int. Rev.Code, § 1426 (b) (6), and § 1607 (c) (6) of the Federal Unemployment Tax Act, 26 U.S.C.A. Int.Rev.Code, § 1607 (c) (6), cited by appellant, relate to Federal taxes only and are therefore irrelevant.

Judgment affirmed.