CHARLES E. MOORE ET AL. *v.* TOWN OF STAMFORD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 10—decided July 16, 1947

*Frank Rich,* for the appellants (plaintiffs).

*George Wise,* for the appellees (defendants).

JENNINGS, J. The question to be determined is whether property located within the limits of the city of Stamford, a municipal corporation contained within the territorial limits of the town of Stamford but not coterminous therewith, is subject to town taxes levied to meet the expense of services performed in the town outside of the territorial limits of the city. The plaintiffs do not pursue in their brief assignments of error attacking findings of

fact. They rely on their claim that the facts found do not support the conclusions reached and set forth both among the findings of fact and specifically as conclusions.

In 1830 an area in the southerly part of the town of Stamford was incorporated as a borough. The charter of the borough has been amended from time to time by adding territory to be included within its limits and by increasing its corporate powers. This process culminated in the incorporation of the city of Stamford in 1893. 11 Spec. Laws 797. It and the town function as independent political entities. The charter of the city grants to it exclusive jurisdiction over various activities within its territorial limits. The town continues to perform the following functions within the city limits: education; care of poor and incompetent persons; conduct of town elections and making of voters; fence disputes and other town duties prescribed by statute; appropriation of funds recommended by the board of finance of the town. It shares the cost of the city court with the city and pays six ten-thousandths of its total grand list to the city for the care and maintenance of roads and bridges within the city. The assessment and collection of taxes are also a joint affair and are described in detail in *State ex rel. Schenck* v. *Barrett,* 121 Conn. 237, 244, 184 A. 379.

In addition to the functions of the town performed within the city limits it conducts certain activities which serve only that portion of its territory outside of the city limits and which do not benefit taxpayers like the plaintiffs who own property within those limits. These activities are as follows: The town appoints and pays or maintains a tree warden, health officer, zoning commission and zoning board

of appeals, planning commission, public works department and police department; it maintains and pays for highways and a public dump and contributes substantial funds to a number of volunteer fire departments. The inconsistent finding that the city benefits from some of these activities is disregarded.

The town grand list is $162,648,508; of this amount, properties assessed at $112,315,136 are within the city limits. The net city budget for 1945–1946 was $1,705,369.09 and that of the town $2,867,056.14; $255,970.50 was appropriated by the town to pay for its activities carried on outside the city limits as described above. All residents of the town, including those within the city limits, pay a town tax which includes a levy to cover the expenses last mentioned, and have done so ever since the city existed. Property located in the town outside of the city limits is not charged with a city tax.

The right of voters residing within the city limits to vote in town meetings is equal in all respects to the right of voters residing outside of those limits but within the town.

The trial court concluded that the town was required by law to levy taxes on all of the property within its limits, including property within the city limits, sufficient to pay its estimated expenditures, and that it had no power to separate any item from its budget and levy separate taxes for it.

The grand list of a town is made up in accordance with the directions contained in General Statutes, chapter 62, as amended. When completed, it covers all of the property subject to taxation by the town. A tax is laid "on such list" sufficient to cover the expenditures as estimated for the ensuing year. Cum. Sup. 1935, § 87c. The property of the plain-

tiffs is in the town of Stamford, is included in the grand list of the town and, in accordance with the foregoing statutes, must be taxed by the town. *Comstock* v. *Waterford,* 85 Conn. 6, 9, 81 A. 1059. The conclusion of the trial court must stand unless the plaintiffs can establish that their particular situation brings them within a recognized exception to this general principle.

The underlying basis of the plaintiffs' principal claim is that property not benefited should not be taxed. The plaintiffs state this as follows: "Property within the city limits should not be taxed for those matters which are for the sole and exclusive benefit of the town outside of the city, and from which the taxpayers in the city derive no benefit." This claim, that property not benefited cannot be taxed, has been frequently made and almost uniformly denied. It is true that most of the cases involve complaints by owners of outlying property that they have no benefit from city improvements rather than the reverse, as here. The principle remains the same. Absence of special benefit does not prevent taxation for public purposes authorized by law. *Bailey* v. *Manasquan,* 53 N.J.L. 162, 20 A. 772; *Kelly* v. *Pittsburgh,* 85 Pa. 170, aff'd, 104 U. S. 78, 26 L. Ed. 658; *Atherton* v. *Essex Junction,* 83 Vt. 218, 223, 74 A. 1118, 27 L.R.A. (N.S.) 695. The rule was formerly otherwise in Kentucky, Utah and Nebraska, but those states have now joined the majority. *Hughes* v. *Carl,* 106 Ky. 533, 50 S.W. 852; *Kimball* v. *Grantsville City,* 19 Utah 368, 386, 57 P. 1; *Turner* v. *Althaus,* 6 Neb. 54. Iowa only stands out. _Durant v; Kauffman,* 34 Iowa 194; *Taylor* v. *Waverly,* 94 Iowa 661, 63 N.W. 347; *McKeon* v. *Council Bluffs,* 206 Iowa 556, 560, 221 N.W. 351. Courts cannot

properly inquire into the "expediency, wisdom or justice of [such] legislation." *Kimball* v. *Grantsville City, supra.* It is not unconstitutional. *Ferguson* v. *Snohomish,* 8 Wash. 668, 673, 36 P. 969. Unless the General Assembly has violated constitutional limitations, recourse must be had to it rather than to the courts. *McLaughlin* v. *Estate of Cooper,* 128 Conn. 557, 562, 24 A. 2d 502.[1]

The two cases relied on by the plaintiffs are not controlling. In *Chamberlain* v. *Bridgeport,* 88 Conn. 480, 490, 91 A. 380, two taxing districts, each with limited taxing authority, were consolidated. The decision turned on the wording of the consolidating act. It was held that that act continued the limitations on the power to tax to which the districts, before consolidation, were subject. The question in the case at bar was specifically excluded from the discussion. Id., 493. The Stamford charter contains no such limitation. In *Williams Bros. Mfg. Co.* v. *Naubuc Fire District,* 92 Conn. 672, 677, 104 A. 245, there is a statement that a construction which imposes taxes with no possibility of benefits should be avoided. The statement was made to support the construction of the charter then under consideration and falls far short of saying that the fact that no benefits can be received from specific services is a ground in law for holding taxes laid to pay for those services invalid.

---

[1] See also *State ex rel. Kellett* v. *Johnson,* 330 Mo. 452, 455, 50 S.W. 2d 121; *Frace* v. *Tacoma,* 16 Wash. 69, 47 P. 219; *Morgan's L. & T. R. R. & S. S. Co.* v. *White,* 136 La. 1074, 1077, 68 So. 130; *St. Louis & S. W. R. Co.* v. *Nattin,* 277 U.S. 157, 159, 48 S. Ct. 438, 72 L. Ed. 830; *Dixon* v. *Mayes,* 72 Cal. 166, 168, 13 P. 471; *Carey* v. *Pekin,* 88 Ill. 154; *Mendenhall* v. *Burton,* 42 Kan. 570, 576, 22 P. 558; *Mitchell* v. *Negaunee,* 113 Mich. 359, 361, 71 N.W. 646; *Norris* v. *Waco,* 57 Tex. 635, 640; *Davis* v. *Pt. Pleasant,* 32 W. Va. 289, 295, 9 S.E. 228; 6 McQuillin, Municipal Corporations (2d Ed. Rev.) §§ 2549, 2558.

No case has been cited or found which holds that a smaller municipal unit may not be taxed for services properly performed by a larger unit in which it is included on the ground that the services do not directly benefit the smaller unit. See *State ex rel. Brush* v. *Sixth Taxing District,* 104 Conn. 192, 203, 132 A. 561.

A portion of the plaintiffs' brief discusses certain activities of the town, including the appointment of a tree warden and a health officer and making contributions to volunteer fire departments, as unauthorized by statute. The complaint raises no such issue but is restricted to the underlying claim just discussed. The memorandum of decision makes it clear that the case was tried and decided on that issue. It is unnecessary to decide whether a taxpayer could have an injunction against an unauthorized estimate or appropriation. As has been stated above, when the estimates are complete and the appropriations made, it is the duty of the board of finance to fix a tax rate sufficient to cover the appropriation. The complaint states no case for relief against "levying and collecting a tax for the purposes above mentioned" on the ground that the activities were not authorized by statute.

The plaintiffs' final contention relates to the town police department and zoning commission. Their basic claim appears to be the proposition stated in the preceding paragraph. As regards zoning, their specific claim is that two zoning authorities cannot operate in the same territory. The city charter, 21 Spec. Laws 1239, provides for a zoning commission with jurisdiction in the city only. The town zoning commission has jurisdiction only in that portion of the town outside the limits of the city. 23 Spec.

Laws 316. There is no conflict here. The fact that police officers of the town can serve warrants in any part of the town (23 Spec. Laws 367, § 8), including the city, does not present an unusual situation or one which sustains the plaintiffs' claim. Their own police officers, that is those of the city, are given jurisdiction throughout the town in criminal matters with all the powers of constables. 21 Spec. Laws 1205, § 52. Such mutual co-operation serves a useful and, perhaps, necessary purpose. Compare, for example, the right of the state police to make arrests in any municipality in the state. General Statutes § 2295.

This opinion follows the briefs, but practical considerations lead to the same result. The organization of subsidiary taxing districts, by whatever name called, for the purpose of securing additional revenue from those specially benefited by special services is complicated but customary and seems to work out fairly well. The Stamford solution has been in effect for over one hundred years. In order to accomplish the result sought by the plaintiffs, such a special district consisting of town property outside of the city limits would be necessary. This might be done but only by specific legislative authority. No such authority has been granted. The judgment was correct.

There is no error.

In this opinion the other judges concurred.