Paul **PERINGER**, Appellant,

v.

**TERRITORY OF ALASKA**, Appellee.

No. 13980.

United States Court of Appeals, Ninth Circuit.

Jan. 20, 1955.

Paul Peringer, in pro. per.

J. Gerald Williams, Atty. Gen., Edward A. Merdes, Asst. Atty. Gen., Territory of Alaska, for appellee.

Before HEALY, BONE, and POPE, Circuit Judges.

PER CURIAM.

This is a suit by the Territory of Alaska to recover from appellant personal income taxes for the years 1949 and 1950, for which years he had declined to pay the tax. Judgment was granted in favor of the Territory.

Appellant is a civilian employee of the United States whose services are performed in Alaska. The Territorial income tax imposed generally is a flat 10% of the income tax exacted by the United States. During the tax years in question federal employees were not as a class subject to the Territorial withholding tax provisions applicable to other employees, the Territory not being in a position to require withholding by the federal government. Therefore federal employees were required to make returns; whereas the generality of privately employed persons whose taxes were subject to withholding at the source had no need to do so. In the case of the latter, if they had received income of not more than $100 in excess of the amounts for which withholdings had been made, they were not required to report the excess or to pay taxes on it. Because of this difference in treatment appellant complains that he was made liable for $11.66 more income taxes in 1949 and $12.86 more in 1950 than separately classified nonfederal employees in like circumstances. His contention is that the Territorial law unconstitutionally discriminated against him and in favor of nonfederal employees, thereby rendering the law void.

 There is an obvious and substantial difference between the two classes of employees—enough certainly to warrant the differences in treatment complained of. Cf. Yerian v. Territory of Hawaii, 9 Cir., 130 F.2d 786. The purpose of the legislature was to require both classes to pay a Territorial tax equivalent to 10% of the federal tax, not to discriminate between the groups. The alleged discrimination grew out of an unavoidable imperfection in the withholding scale, plus an entirely understandable desire on the part of the legislature to simplify administration and to avoid expense in the processing of returns of trifling and inconsequential amounts. Cf. Alaska Steamship Co. v. Mullaney, 9 Cir., 180 F.2d 805, 816.

Apart from this, it appears that because of a ruling of the Bureau of Internal Revenue (Ruling No. 237; 1953–22) relating to the nontaxability by the territories of a cost-of-living allowance made to federal employees there, the latter are now and were in 1949 and 1950 in a distinctly favored class as compared with nonfederal employees. In consequence of this ruling appellant has been given opportunity to apply for refunds for those years, the amounts of which exceed the sums which he complains of having been required to pay. In these circumstances appellant has no standing in the courts.

Affirmed.