The plaintiffs have appealed from the action of the defendant board in granting a special exception to the defendant Grannis Realty, Inc., to allow a service station in a business A district, and *Page 113 
in granting a certificate of approval of location of a gasoline service station to the defendant Fiondella, agent of the corporation.
The first application was pursuant to §§ 42(M) and 63(D) of the zoning ordinance of the city of New Haven, while the second application was made under §§ 14-321 and 14-322 of the General Statutes. Both applications were heard at a public hearing called to consider both requests — an accepted procedure. The establishment of a gasoline station on the property requires approval of both applications.Sun Oil Co. v. Zoning Board of Appeals, 154 Conn. 32,33, 35.
The record of the proceedings establishes that the defendant board received the applications on August 17, 1966. The matters were set for a hearing through publication of a notice published on September 8, 10, and 11, 1966, the hearing date being September 20, 1966. The plaintiffs aver that the granting of both petitions was arbitrary and unreasonable, and they maintain, further, that insofar as the hearing on the application for the certificate of approval of the site (the northwest corner of Forbes and Woodward Avenues in New Haven) is concerned, the statutory requirements relative to the time of holding the hearing were not followed. Therefore, they contend, the board lacked the power to issue the certificate. Consideration, therefore, will first be given to that claim.
The applicable section of the statute reads as follows: "Sec. 14-322. Hearing and finding of suitability. Such selectmen, town manager, mayor, warden or board of appeals shall, upon receipt of an application for the certificate of approval referred to in section 14-321, assign a hearing upon such application not less than two nor more than four weeks from the date of such application, which *Page 114 
hearing shall be held within the town, city or borough where such proposed location is situated, and notice thereof shall be given the applicant for such certificate and by publication three times in a newspaper having a circulation within such town, city or borough not less than one week before the date of such hearing. Such applicant shall pay a fee of ten dollars, together with the costs of publication and expenses of such hearing, to the treasurer of such town, city or borough. No such certificate shall be issued unless such selectmen, town manager, mayor, warden or board of appeals finds that such location is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theaters or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public. . . ."
The plaintiffs argue that the statute requires a hearing within the two-week period and that since the hearing of September 20, 1966, was held more than four weeks from the application date — August 17, 1966 — the board's action was invalid. The defendants maintain that the statute requires only that a hearing date be set within the two-week period, i.e. "assigned," and that by the publication of notice on September 8, 10, and 11, 1966, announcing a hearing on September 20, 1966, the statutory direction was satisfied. That is to say, the hearing was "assigned" on September 8, 10, and 11, 1966, which days were not less than two weeks nor more than four weeks from August 17, 1966. The position of the plaintiffs is that the statutory terminology "assign a hearing upon such application not less than two nor more than four weeks from the *Page 115 
date of such application" is a legislative mandate to hold a hearing within that period rather than to set a date for the hearing.
In construing statutes, courts consider legislative history, their language, their purpose, and the circumstances surrounding their enactment. Mack v.Saars, 150 Conn. 290, 294. Furthermore, the act must be considered as a whole. Biz v. Liquor ControlCommission, 133 Conn. 556, 560. And if a litigant desires to limit the general import of a word, he must show something to justify such a restriction.General Realty Improvement Co. v. New Haven,133 Conn. 238, 241. The ordinary meaning of words may be varied by context, and the statute should be construed in its entirety and not by segregating particular sentences. Silver v. Silver,108 Conn. 371, 375; Bankers Trust Co. v. Greims,110 Conn. 36, 42; 2 Sutherland, Statutory Construction (3d Ed.) § 4703.
Legislation touching upon the subject of obtaining a certificate of approval of location was enacted via chapter 234 of the Public Acts of 1925. Insofar as the instant issue is concerned, the act provided for the obtaining of a certificate of approval from the selectmen or mayor. Provision was made for a hearing by virtue of § 4 of chapter 245 of the Public Acts of 1927. It was provided that the mayor, selectmen or warden "shall, upon receipt of an application for the certificate of approval referred to in said section one, set a hearing upon such application not less than two nor more than four weeks from the date of such application, which hearing shall be held within the city, town or borough where such proposed location is situated and notice thereof shall be given the applicant for such certificate of approval and by publication three times in a newspaper having a circulation within *Page 116 
such city, town or borough not less than one week before the date of such hearing."
Chapter 280 of the Public Acts of 1929, § 2, eliminated the word "set" and substituted the word "assign" and read that the designated authorities "shall . . . assign a hearing upon such application not less than two nor more than four weeks from the date of such application . . . within the . . . [municipality] where such proposed location is situated."
The statute as enacted in 1929 has since been amended with reference to matters not germane to the present issue, but the phraseology quoted in the preceding paragraph with relation to the present inquiry has been unchanged to the present day.
The amendments that followed the original enactment in 1925 indicate an intention on the part of the legislature to prevent the inordinate expediting of the hearing (possibly to the detriment of the unprepared opposition) and to preclude an unreasonable delay in holding the hearing on the part of the authorities responsible for issuing the certificate, a method of procedure inuring to the benefit of the applicant. Considered as a whole, the act furnishes a direction to the local authorities as to when the assignment should be made, when the hearing should be held, what notice should be given, and what standards should guide the municipal authorities in their deliberations. Fairly similar provisions can be found in other statutes: § 21-17 (certificate of location of a junk yard); § 14-55 (certificate of location of motor vehicle sale site). While it is true that the isolated phraseology "assign a hearing" is not synonymous with "hold a hearing," no reason has been advanced as to why the legislature would insist on a two-week delay in setting the date of the hearing. *Page 117 
"`It is always an unsafe way of construing a statute or contract to divide it by a process of etymological dissection, and to separate words and then apply to each, thus separated from its context, some particular definition given by lexicographers and then reconstruct the instrument upon the basis of these definitions. An instrument must always be construed as a whole, and the particular meaning to be attached to any word or phrase is usually to be ascribed from the context, the nature of the subject matter treated of, and the purpose or intention of the parties who executed the contract or of the body which enacted or framed the statute or constitution.'" 2 Sutherland, op. cit., p. 337.
There exists one further reason why the position of the defendants cannot be sustained: "`It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute.' A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error." 2 Sutherland, op. cit. § 4705.
Section 14-322 specifies that the authorities "shall, upon receipt of an application . . . assign a hearing . . . not less than two nor more than four weeks from the date of such application." To construe the statute as the defendants propose (delaying for two weeks the setting of the hearing date) would render the phrase "upon receipt of an application" meaningless and destroy it by such construction. Obviously, the board could not assign (in the sense of arranging a date for) a hearing upon receipt of a document (in this case August 17) if it was required to delay the assignment for two weeks from August 17. "[T]he presumption against *Page 118 
absurdity is probably a more powerful guide to construction than even against unreason, inconvenience, or injustice." Blanos v. Kulesva, 107 Conn. 476,483 (dissenting opinion). The board's failure to comply with the statutory provision as to the hearing date precluded its taking action on the application. Slagle v. Zoning Board of Appeals,144 Conn. 690, 693.
The court well recognizes that the construction placed on the statute might at times prove highly inconvenient and onerous to municipal authorities in view of the demands made on their time and the factors involved in scheduling meetings and hearings. However, courts cannot properly inquire into the expediency, wisdom, or justice of legislation, and to alleviate the potential burden, recourse must be had to the General Assembly rather than to the courts.[1] Moore v. Stamford, 134 Conn. 65, 68-69.
Section 63(D) of the zoning ordinance of New Haven specifies certain criteria that must be considered to justify the granting of the special exception. The record indicates a meticulous and orderly presentation by petitioner's counsel relative to the factors involved in the ordinance, i.e. the nature of the proposed site, traffic patterns, the nature of the surrounding area, the proximity of certain types of buildings — all relating to the "public convenience and welfare" standard specified in the ordinance. The issue involved was fairly debatable, and the court cannot substitute its discretion for the liberal discretion allowed the defendant, an administrative board. Esso Standard Oil Co. v. Zoning Board ofAppeals, 148 Conn. 507, 509. *Page 119 
Insofar as the granting of the special exception is concerned, the evidence before the commission supports its action, and the plaintiffs have failed to establish that the board acted arbitrarily or illegally and thus abused its discretion. Verney v.Planning Zoning Board of Appeals, 151 Conn. 578,582.
 The appeal from the granting of the special exception is dismissed.
The appeal from the granting of the certificate of location is sustained.