STATE TAX COMMISSION ET AL. *v.* VAN COTT.

No. 491. Argued March 6, 7, 1939.—Decided March 27, 1939.

*Mr. Irwin Arnovitz,* with whom *Messrs. Joseph Chez,* Attorney General of Utah, and *John D. Rice,* Deputy Attorney General, were on the brief, for petitioners.

*Mr. W. Q. Van Cott, pro se.*

By leave of Court, *Solicitor General Jackson* filed a brief on behalf of the United States, as *amicus curiae.*

MR. JUSTICE BLACK delivered the opinion of the Court.

The State of Utah's income tax law, effective in 1935, exempts all "Amounts received as compensation, salaries or wages from the United States . . . for services rendered in connection with the exercise of *an essential governmental function.*" [1] (Italics supplied.) In his return of income taxes to the State for 1935 under this law, respondent claimed "as deduction" and "as exempt"

---

[1] Revised Stat. of Utah, 1933, § 80–14–4, (2) (g).

salaries paid him as attorney for the Reconstruction Finance Corporation and the Regional Agricultural Credit Corporation, both federal agencies. The exemptions were denied by the Tax Commission of Utah, but the Utah Supreme Court reversed.[2] Before the Commission and in the Supreme Court of Utah, respondent asserted, first, that his salaries were exempt by the terms of the state statute itself, and, second, that they could not be taxed by the State without violating an immunity granted by the Federal Constitution. In holding respondent's income not taxable, the Supreme Court of Utah said: "We shall have to be content to follow, as we think we must, the doctrine of the Graves Case [Rogers v. Graves, 299 U. S. 401], until such time as a different rule is laid down by the courts, the Congress, or the people through amendment to the Constitution." [3] The Graves case applied the doctrine that the Federal Constitution prohibits the application of state income taxes to salaries derived from federal instrumentalities. We granted certiorari, in the present case, because of the importance of the principle of Constitutional immunity from state taxation which the Utah court apparently thought controlled its judgment.[4]

Respondent contends that the Utah Supreme Court's decision "was based squarely upon the construction of the Utah taxing statute which was held to omit respondent's salaries as a subject of taxation, and therefore that decision did not and could not reach the federal question and should not be reviewed." But that decision cannot be said to rest squarely upon a construction of the state statute. The Utah court stated that the question before it was whether respondent's salaries from the agencies in question were "taxable income for the purpose of the

[2] 95 Utah 43; 79 P. 2d 6.
[3] 79 P. 2d 14.
[4] 305 U. S. 592.

state income tax law," and that the answer depended upon whether these agencies exercised "essential governmental functions." But the opinion as a whole shows that the court felt constrained to conclude as it did because of the Federal Constitution and this Court's prior adjudications of Constitutional immunity. Otherwise, it is difficult to explain the court's declaration that respondent could not be taxed under the "doctrine of the *Graves* case *until such time as a different rule is laid down by the courts, the Congress or the people through amendment to the Constitution.*" (Italics supplied.) If the court were only incidentally referring to decisions of this Court in determining the meaning of the state law, and had concluded therefrom that the statute was itself intended to grant exemption to respondent, this Court would have no jurisdiction to review that question.[5] But, if the state court did in fact intend alternatively to base its decision upon the state statute and upon an immunity it thought granted by the Constitution as interpreted by this Court, these two grounds are so interwoven that we are unable to conclude that the judgment rests upon an independent interpretation of the state law.[6] Whatever exemptions the Supreme Court of Utah may find in the terms of this statute, its opinion in the present case only indicates that "it thought the Federal Constitution [as construed by this Court] required" it to hold respondent not taxable.[7]

---

[5] *Miller's Executors* v. *Swann*, 150 U. S. 132, 136; *Interstate Railway Co.* v. *Massachusetts*, 207 U. S. 79, 84; *Louisville & Nashville R. Co.* v. *Western Union Telegraph Co.*, 237 U. S. 300, 302; cf. *Carmichael* v. *Southern Coal Co.*, 301 U. S. 495, 507.

[6] *Abie State Bank* v. *Bryan*, 282 U. S. 765, 773.

[7] Cf. *Red Cross Line* v. *Atlantic Fruit Co.*, 264 U. S. 109, 120; *Tipton* v. *Atchison, T. & S. F. Ry. Co.*, 298 U. S. 141, 152, 153; *Illinois Central R. Co.* v. *Messina*, 240 U. S. 395, 397.

After careful review of this Court's decisions on the question of intergovernmental immunity, the state court concluded that the Reconstruction Finance Corporation and the Regional Agricultural Credit Corporation were "instrumentalities" performing "essential governmental duties" and that state taxation of respondent's salaries violated the Federal Constitution as interpreted by the *Graves* case. Anticipating that this Court might re-examine that interpretation and apply a "different test," the state court said that "Until such is done the States are bound by the decision of the Supreme Court in . . . Rogers v. Graves, supra."

We have now re-examined and overruled the doctrine of *Rogers* v. *Graves* in *Graves* v. *O'Keefe, ante,* p. 466. Salaries of employees or officials of the Federal Government or its instrumentalities are no longer immune, under the Federal Constitution, from taxation by the States. Whether the Utah income tax, by its terms, exempts respondent, can now be decided by the state's highest court apart from any question of Constitutional immunity, and without the necessity, so far as the Federal Constitution is concerned, of attempting to divide functions of government into those which are essential and those which are non-essential.

"We have frequently held that in the exercise of our appellate jurisdiction we have power not only to correct error in the judgment under review but to make such disposition of the case as justice requires. And in determining what justice does require, the Court is bound to consider any change, either in fact or in law, which has supervened since the judgment was entered. We may recognize such a change, which may affect the result, by setting aside the judgment and remanding the case so that the state court may be free to act. We have said that to do this is not to review, in any proper sense of the

term, the decision of the state court upon a non-federal question, but only to deal appropriately with a matter arising since its judgment and having a bearing upon the right disposition of the case." [8]

Applying this principle, we vacate the judgment of the Supreme Court of Utah and remand the cause to that court for further proceedings.

*Judgment vacated.*

The CHIEF JUSTICE took no part in the consideration or decision of this case.

---

[8] *Patterson* v. *Alabama,* 294 U. S. 600, 607.