# VAN COTT v. STATE TAX COMMISSION et al.

No. 5902.   Decided Dec. 28, 1939.   (96 P. 2d 740.)

*W. Q. Van Cott*, of Salt Lake City, for plaintiff.

*Ned Warnock*, of Salt Lake City, for defendants.

WOLFE, Justice.

This case was appealed from this court by the Tax Commission to the Supreme Court of the United States which stated in its decision 306 U. S. 511, 59 S. Ct. 605, 607, 83 L. Ed. 950, as follows:

"We have now re-examined and overruled the doctrine of *New York ex rel Rogers* v. *Graves* in *Graves* v. *New York ex rel O'-Keefe*, 306 U. S. 466, 59 S. Ct. 595, 83 L. Ed. [927, 120 A. L. R. 1466], this day decided. Salaries of employees or officials of the Federal Government or its instrumentalities are no longer immune, under the Federal Constitution, from taxation by the States. Whether the Utah

income tax, by its terms, exempts respondent, can now be decided by the State's highest court apart from any question of Constitutional immunity, and *without the necessity, so far as the Federal Constitution is concerned, of attempting to divide functions of government into those which are essential and those which are non-essential.*" (Italics added.)

The case on remittitur from the United States Supreme Court is here for the purpose of deciding whether, in view of the holding that all federal salaries may be subjected to a non-discriminating state income tax, it would change our opinion that Van Cott's salary was earned in an essential governmental function and, therefore, exempt under Sec. 80-14-4, R. S. U. 1933. The facts are stated in this court's opinion contained in 95 Utah 43, 79 P. 2d 6, 7, to which reference is made for them. That case interpreted the words "essential governmental function" as meant by the Legislature. It held that "the statute excluding governmental salaries, wages, and commissions for services rendered in connection with the exercise of an essential governmental function is a recognition of the rule of immunity announced by the Supreme Court of the United States," etc. And again:

"From these cases, the rule may be deduced that each government is denied the power to tax the essential governmental functions of the other, and this limitation of power has extended to salaries, wages, or compensation paid to officers or employees of the government itself or an instrumentality which it supports in the exercise of *essential governmental functions.*" (Italics added.)

It was then decided that the work of the Reconstruction Finance Corporation and of the Regional Agricultural Credit Corporation of Salt Lake City, because of the nature of the functions of these two instrumentalities in the severe years of 1932 and following, should be held as essential within the meaning of Sec. 80-14-4(g), R. S. U. 1933. Thus, this court has already determined that the Legislature intended to exclude Van Cott's salary as being earned for services rendered in connection with the exercise of essential governmental functions. The fact that the Supreme Court has since

held that there is no immunity of Federal salaries from a state's non-discriminatory income tax, whether earned in an essential or non-essential function, cannot affect the distinction which our Legislature sought to draw by the use of the words "essential governmental function" in 80-14-4 (g), even though the Legislature may have acted on an erroneous assumption that federal salaries earned in connection with such functions were immune from state taxation and, for this reason, exempted them. The Legislature did not make the classification a contingent one, depending on whether or not the United States Supreme Court adhered to its formerly announced rule that such salaries were immune. It drew a definite exemption based on what now appears afterward to have been a wrong theory of immunity, but, for better or worse, it definitely drew that line regardless of whether or not its reasons were erroneous. Consequently, we hold that this court has already decided the question presented at this last hearing, in the case of *Van Cott* v. *State Tax Commission of Utah*, 95 Utah 43, 79 P. 2d 6. That decision held that Van Cott's salary as agency counsel for the Salt Lake Agency of the Reconstruction Finance Corporation, and as counsel for the Regional Agricultural Credit Corporation of Salt Lake City, was earned "for services rendered in connection with the exercise of an essential governmental function," because the functions exercised by both those corporations were, at least in our present period of economic stress, essential governmental functions. We adhere to that conclusion because if the decision correctly interpreted the intent of the Legislature in using the phrase "essential government functions," such interpretation is still correct regardless of any change in decision of the United States Supreme Court. We therefore repeat the order remanding the case to the Tax Commission with instructions to redetermine the tax in accordance with the views expressed in our former decision in this case.

McDONOUGH and PRATT, JJ., concur.

MOFFAT, Chief Justice (concurring).

I find some difficulty in concurring in the prevailing opinion, not so much from the result reached but because of the reasons given and the omission of matters that should be decided. The opinion leaves principles hanging in the air.

We need not restate the facts. They are stated in the opinion of this court: *Van Cott* v. *State Tax Commission of Utah et al., decided* May 6, 1938, 95 Utah 43, 79 P. 2d 6. From the decision there rendered the State Tax Commission appealed to the Supreme Court of the United States contending that this court was in error when it held upon constitutional grounds that the State of Utah could not impose an income tax upon salaries of employees of the Reconstruction Finance Corporation and the Regional Agricultural Credit Corporation.

As cited in the principal opinion, the United States Supreme Court said in the case of *State Tax Commission of Utah et al.* v. *W. Q. Van Cott*, 306 U. S. 511, 59 S. Ct. 605, 607, 83 L. Ed. 950:

"We have now re-examined and overruled the doctrine of *New York ex rel. Rogers* v. *Graves* [299 U. S. 401, 57 S. Ct. 269, 81 L. Ed. 306] in [No. 478], *Graves* v. *New York ex rel. O'Keefe*, 306 U. S. 466 [ante], 59 S. Ct. 595, 83 L. Ed. [927, 120 A. L. R. 1466] this day decided. Salaries of employees or officials of the Federal Government or its instrumentalities are no longer immune, under the Federal Constitution, from taxation by the States. Whether the Utah income tax, by its terms, exempts respondent, can now be decided by the State's highest court apart from any question of Constitutional immunity, and without the necessity, so far as the Federal Constitution is concerned, of attempting to divide functions of government into those which are essential and those which are non-essential."

And in the case of *Graves* v. *People of the State of New York ex rel. O'Keefe*, 306 U. S. 466, 475, 59 S. Ct. 595, 597, 83 L. Ed. 927, 120 A. L. R. 1466, it is said:

"And when the national government lawfully acts through a corporation which it owns and controls, those activities are governmental functions entitled to whatever tax immunity attaches to those func-

tions when carried on by the government itself through its departments."

Section 80-14-4(g), R. S. U. 1933, is the section referred to in the opinion of the Supreme Court of the United States and which was also referred to in the opinion of this court in the instant case. As to the exempting part, it reads:

"Amounts received as compensation, salaries or wages from the United States or any possession thereof for services rendered in connection with the exercise of *an essential governmental function*", (italics added) shall be exempted in the determination of net taxable income.

"As that [the Federal] government derives its authority wholly from powers delegated to it by the Constitution, its every action within its constitutional power is governmental action, and since Congress is made the sole judge of what powers within the constitutional grant are to be exercised, all activities of government constitutionally authorized by Congress must stand on a parity with respect to their constitutional immunity from taxation." *Graves* v. *New York ex rel. O'Keefe,* supra.

Assuming the constitutionality of the acts creating the Reconstruction Finance Corportion and the Regional Agricultural Credit Corporation, the only laws having any connection with the issues here involved, and the constitutionality of which is not questioned here, it would seem to follow of necessity that these instrumentalities are exercising governmental functions under the holding of the Supreme Court of the United States, without distinction as to whether they are "essential" or otherwise. It appears that *"all activities"* of the Federal government constitutionally authorized are "essential." The position taken by the Supreme Court of the United States has shifted the question of construction under the statute from "essential" or nonessential to that of constitutionality or unconstitutionality. It would therefore seem to follow, inasmuch as there is no immunity from taxation upon the salary of one "employed by a corporate instrumentality of the Federal government," if the law creating the corporate instrumentality is constitutional, that under the Utah law above quoted one of three

situations must follow the application of the Utah statute to the question presented here: (1) There is no immunity at all under the statute; (2) There is complete immunity; or (3) A factual determination must be made of the activities to enable a classification to be made as to which are essential and which are non-essential activities.

This is where the principal opinion in this case leaves the field open for further controversy. It would be an anomalous situation to have a state saying "there are essential Federal governmental functions" on the one hand and the Supreme Court of the United States saying on the other hand that "all Federal activities constitutionally authorized are essential" which is equivalent to saying that there can be no non-essential governmental functions authorized by the Congress that are constitutional. So under the Utah statute if there be non-essential governmental activities, such must be inferred, they are not declared by the statute.

For a state to attempt to distinguish essential from non-essential functions of the Federal government, when the Federal government says there are no non-essential governmental functions under the Federal constitution, leads to a classification subject to attack on the ground of unconstitutional discrimination. Where will the distinction be drawn between the functions, governmentally speaking, of a United States Senator and the operator of an elevator in the Federal Post Office Building?

The Utah statute was passed when there were recognized, in so far as state concepts were concerned, certain functions of government that were regarded as "essential" and certain functions, at least verbally, regarded as non-essential. The cases have recognized the distinction. If this were based upon a distinction, it was one declared by the Federal courts, in so far as Federal governmental functions were concerned, which the Federal courts now say does not and cannot exist. Whether the state may, either by legislative action or by court or administrative-tribunal hearing, attempt to determine factually that certain Federal governmental activities

or agencies are essential or non-essential for taxation purposes raises implications I prefer not to approach. The Utah statute made a classification of Federal governmental functions then understood to exist, viz: essential and others, if stating "essential" classifies. Since the statute was passed the United States Supreme Court has federally eliminated the classification, therefore, the statute is not applicable, or if so, requires a construction that would render it unconstitutional as being discriminatory or would indirectly declare a Federal law unconstitutional. Certain it is that the Federal government has determined for its purposes that "all activities of government constitutionally authorized by Congress must stand on a parity with respect to their constitutional immunity from taxation." *Graves* v. *People of the State of New York ex rel. O'Keefe,* supra, at 306 U. S. 466, 477, 59 S. Ct. 595, 596, 83 L. Ed. 927, 931, 120 A. L. R. 1466. This leaves no ground for classification as to immunity. May the state alter this?

If any effect is to be given the Utah statute exempting what the statute refers to as essential and refusing to exempt that determined to be non-essential, if we knew what was included in essential and non-essential, and the conclusion adopted that all constitutionally authorized agencies of the United States are essentially governmental then the salaries of appellant must be included within the statute and be immune from taxation under the Utah statute. If, however, under this Utah law, it is for the courts to determine from the facts of each case whether a Federal governmental activity is essential, then the determination that these agencies involved in this case are essential or nonessential is equivalent to passing upon the constitutionality or unconstitutionality of the law creating them. Under such situation it must be recognized that by definition it is not possible to delimit in the field of delegated powers what are essential governmental functions and what are not. It seems to me that the Supreme Court of the United States has held, at least as to the field of immunity of taxation, that what

is constitutionally legal as a governmental function is constitutionally essential, and if so the test as to matters essential is the same as the tests to be applied to matters constitutional. That such test or tests may not apply to matters of state or municipal affairs has been heretofore determined. As quoted in our former opinion in this case.

"The reciprocal rights and immunities of the national and a state government may be safeguarded by the observance of two limitations upon their respective powers of taxation. These are that the exactions of the one must not discriminate against the means and instrumentalities of the other and must not directly burden the operations of that other." *Van Cott* v. *State Tax Commission of Utah et al.*, supra.

Having in mind the situations herein suggested, and the nebulous condition of suggestions as to a satisfactory determination of a line of demarcation on a factual basis that will not infringe or discriminate in this field of reciprocal activity, and until the state, if it sees fit so to do, adopts some other method of operating in this reciprocal field, the statute should be construed to "exempt salaries, wages and compensation received from the United States or any possession thereof for services rendered in the exercise of an essential governmental function" and that the activities of the Reconstruction Finance Corporation and the Regional Agricultural Credit Corporation are within the meaning of the statute and are exempt.

Upon this ground and for the reasons stated, I concur in the result reached by Mr. Justice WOLFE.

LARSON, Justice.

I concur in the views expressed in the concurring opinion of Mr. Chief Justice MOFFAT.