## LOFTUS *v.* ILLINOIS.

No. 59.   Argued April 26, 1948.—Decided June 14, 1948.

*Henry H. Fowler* argued the cause and filed a brief for petitioner.

*William C. Wines,* Assistant Attorney General of Illinois, argued the cause for respondent.   With him on the brief was *George F. Barrett,* Attorney General.

PER CURIAM.

By way of an original writ of error in the Supreme Court of Illinois, petitioner challenged the validity of four convictions in a circuit court of that State.   The Illinois Supreme Court affirmed the judgments, 395 Ill. 479, 70 N. E. 2d 573.   We brought the case here, 333 U. S. 831, because of a serious claim that petitioner was denied the assistance of counsel under circumstances which constitute a disregard of the safeguards to which he was entitled under the Due Process Clause of the Fourteenth Amendment.

The Illinois Supreme Court disposed of this claim on the basis of the requirements of Illinois law.   If the Illi-

nois decision was an adjudication of the rights to which the petitioner was entitled under the Due Process Clause, we would be constrained to hold that he had brought himself within our governing decisions. In his oral argument here, however, the Attorney General of the State insisted that the circumstances on which petitioner relies in claiming denial of a right under the United States Constitution were not properly before the Supreme Court of Illinois on the Illinois writ of error, but must be pursued in Illinois by *habeas corpus*. The Attorney General relies for his view of the local law upon two recent opinions of the Illinois Supreme Court, *People* v. *Wilson,* 399 Ill. 437, 78 N. E. 2d 514, and *People* v. *Shoffner,* 400 Ill. 174, 79 N. E. 2d 200. Both these opinions certainly recognize that the right to counsel of indigent accused may, under relevant circumstances, be part of the due process which the Fourteenth Amendment guarantees.

If, as a matter of local procedure, Illinois chooses to allow a federal right, such as the present record presents, to be vindicated by *habeas corpus* in its Illinois scope, but does not make available the Illinois writ of error, that is for Illinois to say and not for us to deny.

Even though our reading of the record and of Illinois law might give us a different understanding, we have had too great difficulty in ascertaining what is the appropriate Illinois procedure for raising claims of infringement of federal rights to reject the Attorney General's submission regarding Illinois procedural law. See, *e. g., Marino* v. *Ragen,* 332 U. S. 561. If the Attorney General is correct and petitioner sought to raise even a valid federal claim by way of an unavailable Illinois remedy, we have of course a judgment that rests on a non-federal ground, calling for dismissal of our writ. In this state of uncertainty, we follow our precedent in *Herb* v. *Pitcairn,* 324 U. S. 117. See also *Phyle* v. *Duffy,* 334 U. S. 431.

Accordingly, we shall continue this cause for an appropriate period to enable us to be advised without ambiguity

whether the Illinois Supreme Court intended to rest the judgment herein on an adequate independent state ground or whether decision of the claim under the Fourteenth Amendment was necessary to the judgment rendered.

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS are of the opinion that the judgment should be reversed.