## COOPER v. CRANOR.

### No. 12458.

United States Court of Appeals
Ninth Circuit.

May 8, 1950.

Amos Doris Cooper, in pro. per., for appellant.

Smith Troy, Atty. Gen., State of Washington, John D. Blankinship and Lawrence K. McDonnell, Asst. Attys. Gen., for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an order of the United States District Court for the Eastern District of Washington denying an application of appellant, Amos Doris Cooper, a prisoner in custody pursuant to a judg-

ment of a court of the State of Washington, for a writ of habeas corpus. The application alleged that appellant was in custody in violation of the Constitution of the United States.[1] Respecting such applications, 28 U.S.C.A. § 2254 provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Habeas corpus—the remedy which appellant sought in the United States District Court—was available in the courts of the State of Washington.[2] Appellant did not claim that a State court writ of habeas corpus would be ineffective to protect his rights. The record discloses no circumstance or circumstances warranting such a claim. It therefore cannot be said to have appeared that there was either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect appellant's rights.

It appeared that, before applying to the United States District Court, appellant had applied to the Supreme Court of the State of Washington for a writ of habeas corpus, and that that application had been denied, but it did not appear that appellant had

applied to the Supreme Court of the United States for certiorari to review that denial. In his reply brief filed in this court, appellant, in effect, conceded that he had not applied for certiorari. Such an application was a requisite step in the exhaustion of the remedy available to appellant in the State courts.[3] Appellant having failed to take that step, his application to the United States District Court was properly denied.[4]

Order affirmed.

1. See 28 U.S.C.A. § 2241(c) (3).

2. See Constitution of Washington, Art. 4, §§ 4, 6; Remington's Revised Statutes, §§ 1, 15; Laws of Washington, 1947, Chapter 256, Remington's Revised Statutes 1947 Supplement, §§ 1075, 1085—1, 1085—2.

3. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587. See, also, Ex parte Hawk, 321

U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Young v. Ragen, 337 U.S. 235, 69 S.Ct. 1073, 93 L.Ed. 1333; Gordon v. Scudder, 9 Cir., 163 F.2d 518; Morgan v. Horrall, 9 Cir., 175 F.2d 404.

4. See 28 U.S.C.A. § 2254 and cases cited in footnote 3.