## DIXON v. DUFFY, WARDEN.

No. 79. Argued October 16, 1951.—Continued November 5, 1951.

*Franklin C. Stark,* acting under appointment by the Court, argued the cause and filed a brief for petitioner.

*Clarence A. Linn,* Assistant Attorney General of California, argued the cause for respondent. With him on the brief were *Edmund G. Brown,* Attorney General, and *Howard S. Goldin,* Assistant Attorney General.

PER CURIAM.

Petitioner was convicted in the California Superior Court in 1949 of making and possessing counterfeiting dies or plates in violation of Cal. Penal Code, 1949, § 480. He did not appeal, but sought to challenge the validity of his conviction by filing successive petitions for a writ of habeas corpus in the California Superior Court and California District Court of Appeal.

Following denial of these petitions, he instituted this case by filing an original petition for a writ of habeas corpus in the Supreme Court of California. The Supreme Court of California denied the petition without opinion, two justices thereof voting for issuance of the writ. We granted certiorari, 341 U. S. 938, because of a serious claim that petitioner had been deprived of his rights under the Federal Constitution.

At the bar of this Court, the Attorney General of the State of California argued that habeas corpus was not a proper state remedy for determination of petitioner's federal claim. It is the position of the Attorney General that petitioner's failure to appeal in this case barred him from seeking post-conviction relief by way of a collateral habeas corpus proceeding. He admits that habeas corpus is available in California in cases involving certain exceptional circumstances, but contends that this is not such a case. If the Attorney General is correct, the judgment may rest on a non-federal ground, thus calling for dismissal of our writ of certiorari. In this state of uncertainty, we follow our precedents in *Herb* v. *Pitcairn,* 324 U. S. 117 (1945), and *Loftus* v. *Illinois,* 334 U. S. 804 (1948).

Accordingly, the cause is ordered continued for such period as will enable counsel for petitioner to secure a determination from the Supreme Court of California as to whether the judgment herein was intended to rest on an adequate independent state ground or whether decision of the federal claim was necessary to the judgment rendered.

*Cause continued.*

Mr. Justice Douglas dissents.

Mr. Justice Minton took no part in the consideration or decision of this case.