**DARCY v. HEINZE, Warden, California State Prison.**

No. 13142.

United States Court of Appeals
Ninth Circuit.

Feb. 13, 1952.

Writ of Certiorari Denied May 5, 1952.

Gordon K. Darcy, pro. per.

Edmund G. Brown, Atty. Gen. of Cal., Clarence A. Linn, Asst. Atty. Gen. of Cal., Doris H. Maier, Deputy Atty. Gen. of Cal., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

Darcy, serving a life sentence in the California state penitentiary for the crime of kidnapping for the purpose of robbery, appeals from an order of the district court dismissing his application for a writ of habeas corpus. The application alleged, inter alia, that in the trial leading to his conviction he was denied the effective assistance of counsel.

The dismissal was not on the ground that it appeared from the application that Darcy was not entitled thereto. 28 U.S.C. § 2243. The dismissal was based on the failure to exhaust his state remedy as required by 28 U.S.C. § 2254, providing:

"§ 2254. State custody; remedies in State courts

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

It is not questioned that Darcy had an available procedure under the California Penal Code, § 1473, providing: "§ 1473. [Who may prosecute writ.] Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint."

Darcy petitioned the California state supreme court under this statute and his petition was denied. He failed to seek a writ of certiorari from the United States Supreme Court and the district court held, "Exhaustion of state remedies includes application for certiorari to the Supreme Court of the United States. Darr v. Burford, 339 U.S. 200 [70 S.Ct. 587, 94 L.Ed. 761]; Cooper v. Cranor, 9 Cir., 182 F.2d 256. Since this necessary allegation is absent, the petition must be, and is, dismissed."

In Darr v. Burford it is stated, 339 U.S. at page 217, 70 S.Ct. at page 597, that "It is this Court's conviction that orderly federal procedure under our dual system of government demands that the state's highest courts should ordinarily be subject to reversal only by this Court and that a state's system for the administration of justice should be condemned as constitutionally inadequate only by this Court. From this conviction springs the requirement of prior

application to this Court [for its writ of certiorari] to avoid unseemly interference by federal district courts with state criminal administration."

Darcy contends that the district court erred because his application alleges the special "circumstances rendering such [California state] process ineffective to protect" his rights. The special circumstance he relies on is the fact that the state supreme court denied his petition for the writ of habeas corpus without granting a hearing or filing an opinion. His contention is that in these circumstances the United States Supreme Court would not grant certiorari because it could not determine whether the petition was denied by the state supreme court on some purely state ground or on an adverse decision on his constitutional ground.

We agree with the district court that Darcy has not exhausted his state remedy. Appellant relies on White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348. In that case the Supreme Court, after dismissing its writ of certiorari because it could not say that the state court's denial of leave to file petitions for habeas corpus was not on an adequate state ground, said, 324 U.S. at page 767, 65 S.Ct. at page 982: "It follows that whenever the Illinois Supreme Court denies a petition for the writ originally filed in that court, without opinion or other indication of the ground of its decision, and when the petition relies on allegations of fact to raise federal questions, it is unnecessary for the petitioner, in order to exhaust his state remedies, to apply to this Court for certiorari to review the judgment of the Supreme Court of Illinois. A denial of certiorari by this Court in such circumstances does not bar an application to a federal District Court for the relief, grounded on federal rights, which the Supreme Court of Illinois has denied."

However, subsequent to the White case, Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, firmly established application for certiorari as part of the exhaustion of state remedies for a state prisoner seeking a writ of habeas corpus in the federal court. Since the Darr case, and in the latest term of Court, the Supreme Court has followed a practice which seems contrary to the dictum of the White case, supra.

In Jennings v. Illinois, 342 U.S. 104, 72 S.Ct. 123, petitioners had sought in their trial courts relief from alleged constitutional deprivations at their trial in a procedure like the federal motion procedure of 28 U.S.C. § 2255. These petitions were dismissed by the trial courts and the Illinois Supreme Court dismissed writs of error thereto. Thus, there was no express determination in the state courts of the constitutional issues raised in the petitions and there was no opinion by the state court. Despite this, the Supreme Court granted certiorari. Thereafter it found that it could not discover whether the state court's dismissal was on an adequate state ground and it vacated the judgments below and remanded the case to the Illinois Supreme Court for an express decision on the availability of state remedies to challenge violations of federal constitutional rights.

In Dixon v. Duffy, 342 U.S. 33, 72 S.Ct. 10, 11, petitioner had been denied an original petition for a writ of habeas corpus in the California supreme court. That court did not write an opinion on its decision and yet the Supreme Court granted certiorari "because of a serious claim that petitioner had been deprived of his rights under the Federal Constitution." After hearing argument, the Court said: " * * * the judgment may rest on a non-federal ground, thus calling for dismissal of our writ of certiorari." The Court ordered the case continued on its calendar until the petitioner could secure a determination from the California court as to whether its decision rested on an independent state ground.

The petitioner in this case claims a deprivation of a federal constitutional right; and the above two cases indicate that the lack of opinion in the state court is no bar to the granting of a writ of certiorari by the Supreme Court. Hence, Darcy should have sought certiorari as part of the exhaustion of state remedies, for it cannot be said that by the failure of the California court to write an opinion "there is either an absence of available State corrective process or the existence of circumstances rendering such [State corrective] process

ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254. State habeas corpus procedure is still effective to protect constitutional rights despite the omission of the California court to write opinions upon denials of petitions for habeas corpus.

The judgment below is affirmed.