## DIXON *v.* DUFFY, WARDEN.

No. 4. Argued October 16, 1951.—Continued November 5, 1951.—
Further continued May 12, 1952.—Decided December 8, 1952.

*Franklin C. Stark,* acting under appointment by the Court, argued the cause and filed a brief for petitioner.

*Clarence A. Linn,* Assistant Attorney General of California, argued the cause for respondent. With him on the brief were *Edmund G. Brown,* Attorney General, and *Howard S. Goldin,* Deputy Attorney General.

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

This case originated on October 21, 1950, when petitioner, a prisoner in San Quentin, filed an application for a writ of habeas corpus in the Supreme Court of California. That court, summarily, but with two dissents, denied the application. To review this decision, petitioner applied to this Court for certiorari. The Court granted the petition, 341 U. S. 938, and thereafter appointed counsel to represent the petitioner. 342 U. S. 805.

The Attorney General of California appeared for respondent. At the bar of this Court, he argued that the judgment of the Supreme Court of California rested on an adequate nonfederal ground. Admitting that habeas corpus is ordinarily an available means to California prisoners to challenge the constitutionality of the proceedings which resulted in their incarceration, the Attorney General told us that the writ was unavailable in this particular case, to this particular petitioner because he could have and should have presented his federal claim in an appeal from his original conviction. Counsel for petitioner vigorously opposed this contention, insisting that habeas corpus was an available remedy under California law, that the federal question was properly before the court.

This Court, of course, does not sit to determine matters of state law; nor is it the appropriate forum to resolve the argument raised by the earnest objections of the Attorney General of California.

Accordingly, we followed our precedents.[1] We continued the cause "for such period" as would "enable counsel for petitioner to secure a *determination* from the

---

[1] *Loftus* v. *Illinois,* 334 U. S. 804 (1948); *Herb* v. *Pitcairn,* 324 U. S. 117 (1945).

Supreme Court of California as to whether the judgment herein was intended to rest on an adequate independent state ground or whether decision of the federal claim was necessary to the judgment rendered." 342 U. S. 33, 34. (Emphasis supplied.)

Counsel for petitioner, in December 1951, duly filed in the Supreme Court of California a "Petition for Determination of Basis of Judgment" which requested an expression by that court on the issue raised by our order. Subsequently, the Clerk of this Court received a letter from the Clerk of the Supreme Court of California relative to this question. But we received no official determination of the issue from the Supreme Court of California.

We could not regard the letter from the Clerk of the Supreme Court of California as a "sufficient 'determination' of the question raised in our order of November 5, 1951." Therefore, on May 12, 1952, we "further continued" the cause on our docket to enable counsel for petitioner to secure from the Supreme Court of California its official determination as requested by our earlier order. 343 U. S. 393.

Though some months have now elapsed, we still have received no advice from the Supreme Court of California. We are informed, however, that the California court advised petitioner's counsel informally that it doubted its jurisdiction to render such a determination. And, although counsel subsequently submitted briefs to the contrary, the California court again informed counsel, through its Clerk, that it was powerless, for want of jurisdiction, to issue any further official expression on the case. It appears, then, that so long as this cause continues on our docket, counsel cannot procure that which we asked him to procure.

We granted certiorari in this case "because of a serious claim that petitioner had been deprived of his rights under the Federal Constitution." 342 U. S. 33. This Court,

alone, is the final arbiter of such a claim, and our grant of certiorari should entitle petitioner to the chance to have the matter resolved by this Court—provided that the state judgment was not based on an adequate state ground. If the state judgment was based on an adequate state ground, the Court, of course, would be without jurisdiction to pass upon the federal question. Doubt has since arisen that such jurisdiction exists. These circumstances should not now act to deprive petitioner of his day in this Court,[2] but they do require that we take scrupulous care, as we have so often done before,[3] to determine our jurisdiction. This involves further delay, and in this case further delay is regrettable. But delay is necessary unless we are to resolve the jurisdictional issue by simply assuming the nonexistence of an adequate state ground though in fact one may exist.

To the end that the doubt in this case may be resolved, we vacate the judgment of the Supreme Court of California and remand the cause for further proceedings. A new judgment may be entered, and petitioner also may be informed by an official determination from the Supreme Court of California whether or not that judgment rests on an adequate state ground.[4]

*So ordered.*

Mr. Justice Jackson, dissenting.

Both the wisdom and the legality of this policy toward the highest court of a state appear dubious to me. What we are doing, in essence, is to vacate a state court judg-

---

[2] See *Neilson* v. *Lagow*, 12 How. 98, 109–110 (1852).

[3] See, *e. g., Jennings* v. *Illinois*, 342 U. S. 104 (1951); *Loftus* v. *Illinois, supra; Herb* v. *Pitcairn, supra. Minnesota* v. *National Tea Co.*, 309 U. S. 551 (1940); *Honeyman* v. *Hanan*, 300 U. S. 14 (1937).

[4] Cf. *Jennings* v. *Illinois, supra; Minnesota* v. *National Tea Co., supra; Honeyman* v. *Hanan, supra.*

ment, not because it is found to be inconsistent with federal law, but because the state court has not told us, with an acceptable degree of formality, what reasons led to rendering it.

This Court has blazed the way for the practice of dispensing with opinions in denying petitions for discretionary orders, such as certiorari and motions for leave to file petitions for habeas corpus. Unless we mean to impose on state courts a burden we are unwilling to assume ourselves, we should not vacate this state judgment. Doubt of our jurisdiction is no justification for exercising it; quite the contrary is the rule.

Those few of the cases cited by the Court in which this procedure was followed are not persuasive. There was no examination of the Court's power to vacate, and the results do not encourage its repetition. In two cases, the judgment vacated was simply reinstated by the State Supreme Court and the litigants were never heard from again. Compare *Minnesota* v. *National Tea Co.,* 309 U. S. 551, with *National Tea Co.* v. *State,* 208 Minn. 607, 294 N. W. 230; *State Tax Comm'n* v. *Van Cott,* 306 U. S. 511, with *Van Cott* v. *State Tax Comm'n,* 98 Utah 264, 96 P. 2d 740. In another instance, however, we pursued a less drastic course; we stayed our own hand while petitioner applied to the state court for clarification of its grounds of decision. Compare *Herb* v. *Pitcairn,* 324 U. S. 117, with *id.,* 325 U. S. 77.

In this case, the Supreme Court of California, having promptly and officially, albeit informally, advised us of its ground of decision, feels itself without power to make a formal order therein. One reason is that it has long since closed the case with a final determination, and another is that we, by grant of certiorari, have lifted the case, record and all, out of that court. I cannot say that it is unreasonable for a state court to refrain from enter-

148

ing formal orders in a case which is no longer pending before it.

The plain truth of the matter is that the grant of certiorari was an irresponsible exercise of our own power without requiring or considering adequate jurisdictional information. The California Supreme Court has a perfect right to deny an application for habeas corpus to review a contention that under state practice could have, and should have, been urged on appeal. We are without power to require states to allow retrial *de novo* via habeas corpus of issues tried and open to review on the original record. It seems to me probable that this is the ground the California Supreme Court has taken, not, as this Court intimates, for this particular case, but as a general rule of state law, and I think a wise and proper one. It probably will reaffirm by reinstating the judgment we upset today. I think dismissal of our own writ of certiorari on the candid admission that it was improvidently granted is our wise and lawful course.