(No. 33503.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK C. STEPHENS, Plaintiff in Error.

*Opinion filed May 20, 1955—Rehearing denied September 19, 1955.*

HARRY J. BUSCH, of Chicago, (ROBERT W. HEINZE, of Chicago, of counsel,) for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, and RUDOLPH L. JANEGA, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

Plaintiff in error, Frank C. Stephens, herein referred to as the defendant, was indicted in the criminal court of Cook County on January 15, 1954, for robbery while armed with a gun. On February 26, 1954, he was found guilty by a jury of the offense charged. His motion for a new trial was overruled and he was sentenced to imprisonment in the penitentiary for a term of not less than one year nor more than fifteen years. Defendant prosecutes this writ of error on the following assignments: (1) That the trial court failed to uphold and protect defendant's guaranty to a fair trial. (2) That the State's Attorney was guilty of misconduct that constituted reversible error, though not objected to by defendant.

Defendant does not suggest that the evidence fails to establish his guilt of the crime charged beyond a reasonable doubt. It therefore becomes unnecessary to review the testimony and other proof in detail. Suffice it to say that a careful reading of the record leads to the conclusion that the evidence was clearly sufficient to prove guilt beyond a reasonable doubt and that the judgment should be affirmed if the trial was otherwise free of prejudicial error requiring a reversal.

Defendant's first assignment of error is based upon the contention that counsel who represented him in the trial court (not being his present counsel) was inexperienced and incompetent and that the State's Attorney was allowed to take advantage of the situation without sufficient interference by the court. Defendant says the record shows that his counsel was unable to conduct an examination of witnesses; that he failed to interpose timely and proper objections; that he failed to submit proper instructions and was generally unprepared. Defendant concludes that the trial judge should have intervened to aid the defendant and that his failure to do so constitutes reversible error. Counsel cites many cases for the general principle that the

trial court has the duty to see that defendant gets a fair trial. That mandate, often announced by this court, is never to be minimized. But no case is cited (and we know of none) holding that it is the duty of the trial court to intervene and conduct the defense where defendant is represented by counsel of his own choice, merely because the court might feel that defense counsel is not as skillful or experienced as might be desired. To promulgate such a rule would establish a dangerous precedent. It would have the effect of making trial judges the arbiters of the qualifications of attorneys to practice in the courts of this State and in a given case might seriously prejudice the rights of a defendant before a jury by placing his counsel in a bad light.

Where a defendant in a criminal case employs counsel of his own choice, his judgment of conviction will not be reversed merely because his counsel failed to exercise the greatest skill or for the reason that it might appear, in looking back over the trial, that he had made some tactical blunder. (*People* v. *Ney,* 349 Ill. 172; *People* v. *Barnes,* 270 Ill. 574; *People* v. *Anderson,* 239 Ill. 168.) This court has said that ordinarily a defendant who retains counsel of his own selection is responsible if that counsel does not faithfully serve his interests; that any other rule would put a premium upon pretended incompetence of counsel, for if the rule were otherwise a lawyer with a desperate case would have only to neglect it in order to insure reversal or vacation of the conviction. (*People* v. *Heirens,* 4 Ill. 2d 131, 143; *Mitchell* v. *People,* 411 Ill. 407, 408.) In *People* v. *Reeves,* 412 Ill. 555, 562, 563, this court quoted with approval the language of Mr. Justice Minton in *United States* v. *Ragen,* 166 Fed. 2d 976, in which he pointed out that the best of counsel makes mistakes and that his mistakes, although indicative of lack of skill or even incompetency will not vitiate the trial unless on the whole the representation is of such low caliber as

to amount to no representation and to reduce the trial to a farce.

An examination of the record presented here leads to the conclusion that the most that can be said of the conduct of defense counsel is that he may have made some mistakes, particularly with regard to his failure to interpose objections when some should have been made. Few records examined in the light of sober second sight and calm reflection would fail to reveal situations where it might be said that counsel had not made the most of his opportunities. Human error is easily observed by those having the benefit of the second guess. Just what the court should or might have done in the situations disclosed, defendant does not suggest. Apparently he feels that the court should have taken over the defense and conducted the case for the defendant. But such action by the court was not required and would have been objectionable. On the whole record it cannot be said that the representation of defendant was of such low caliber as to require a reversal or that the court, by failing to intervene, violated defendant's right to a fair trial.

In his second assignment of error defendant calls attention to the fact that in his closing argument the State's Attorney at various times referred to defendant as a "pervert," "drunkard," "bum," and "liar." Defendant contends that these remarks were so prejudicial as to warrant a reversal of the judgment even though no objections were interposed.

These remarks cannot be considered out of their context or without reference to the record in the case and the circumstances which evoked them. While characterizing the defendant as a "pervert," "drunkard," and "bum," might be considered as unwarranted and highly prejudicial in some circumstances, these references were proper and to be expected in view of the developments at the trial. Defendant testified that the victims of the alleged robbery were

perverts and that he had gone to their apartment where the alleged robbery took place not to rob but for purposes of perversion. It was also inferred and argued that, being perverts, the People's witnesses were unworthy of belief and that defendant was the party telling the truth. This resulted in throwing the trial open to character comparisons. Defendant's own mother testified that he had been addicted to the excessive use of alcoholic liquor and that she was disappointed in his habits. She also testified that he had been unemployed for an extended period of time.

Unfortunately, defendant could not characterize the People's witnesses as perverts without tarring himself with the same stick. The proof showed that he was a pervert and that the characterization given him in closing argument was proper under the circumstances. Likewise the other characterizations were not only based upon the evidence but were evoked by defendant's own presentation of his case and the comparisons indulged in. While the court does not commend the use of invective, however, arguments and statements of counsel based on the facts appearing in the proof, or on legitimate inferences deducible therefrom, do not transcend the bounds of legitimate debate and are not to be discountenanced by the courts. It is not improper for a prosecuting attorney to reflect unfavorably on the defendant or denounce his wickedness and even indulge in invective if based upon evidence competent and pertinent to be decided by the jury. (*People* v. *Gleitsmann,* 384 Ill. 303; *People* v. *Rooney,* 355 Ill. 613; *People* v. *Heywood,* 321 Ill. 380; *Crocker* v. *People,* 213 Ill. 287.) For example, it has been held by this court that remarks characterizing defendants as "drunken, rough riding, racketeering hoodlums" and characterizing a defendant as "a cowardly sneaking bandit," "a fugitive from justice," and "a man whom the police of the whole country have been looking for" are proper and unobjectionable when based upon the evidence. (*People* v. *Rooney,* 355 Ill. 613, 626; *People*

v. *Sicks,* 299 Ill. 282, 285.) The State's Attorney could have conveyed to the jury his opinion of the defendant as a witness and of the credibility of his testimony without calling him "a liar." However, this inflammatory remark was not of such nature as demands a reversal of the conviction.

Moreover, in view of the clear and convincing evidence of guilt of the crime charged, we are unable to say that the remarks made influenced the result or that the verdict could have been otherwise had the remarks not been made.

Since the record is free from substantial prejudicial error and guilt clearly established, the judgment of the criminal court of Cook County will be affirmed.

*Judgment affirmed.*