UNITED STATES of America ex rel. Jack RANDOLPH, Petitioner-Appellant,

v.

Alfred F. DOWD, as Warden of the Indiana State Prison, Respondent-Appellee.

No. 12337.

United States Court of Appeals Seventh Circuit.

Oct. 10, 1958.

Patrick W. O'Brien, Chicago, Ill., for appellant.

Edwin K. Steers, Atty. Gen., of Indiana, John A. Pushor, Deputy Atty. Gen., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

In granting motion of the respondent-appellee to dismiss petition for Writ of Habeas Corpus, the District Court noted that the petition sought to be dismissed showed on its face that the petitioner had failed to exhaust the state procedural remedies available to him, in that he had failed to petition the state courts for a writ of error *coram nobis.*

Petitioner-appellant asserts that his detention was imposed in violation of his right to due process and equal protection under the U. S. Constitution.

He argues that writ of error *coram nobis* is not available to him in Indiana because the constitutional questions raised by him are based on facts spread on the record of proceedings.

One of the questions raised by petitioner-appellant concerns the competence of Indiana court-appointed appellate counsel who is alleged to have waived the bulk of the errors relied upon by petitioner-appellant and to have imperfectly briefed the others.

As the court-appointed appellate counsel in Indiana is charged largely with sins of omission, the facts in this respect would appear, not from their presence in the record, but only by inference from their absence.

Respondent-appellee contends that petitioner-appellant has failed to show that writ of error *coram nobis* is not an available state remedy in this situation. This position appears sound.

We desire to express the court's appreciation for the able and intelligent presentation made in written briefs and oral argument by Mr. Patrick W. O'Brien, a member of the Chicago Bar, appointed to represent the petitioner-appellant in this court.

We find no error in the action of the District Court in dismissing the petition.

Affirmed.

FINNEGAN, Circuit Judge (concurring).

This is one of those deceptively simple appearing appeals from which tangled issues will persistently dangle unless they are bared for judicial examination. Randolph, a state prisoner, was represented by counsel during his trial in an Indiana court for felony-murder, and after his conviction, but before his appeal was perfected, his trial attorney withdrew from the case.

Another attorney was appointed by the Indiana trial court to prosecute Randolph's appeal to the Indiana Supreme Court which, on review, affirmed the conviction. Randolph v. State, 1954, 234 Ind. 57, 122 N.E.2d 860, Judge Gilkerson, dissenting. Since the matter reaches us in the framework of law underlying the writ of *habeas corpus* I point out in light of Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, and Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, that certiorari was denied by the United States Supreme Court, Randolph v. State, 1955, 350 U.S. 889, 76 S.Ct. 145, 100 L.Ed. 783.

Randolph, by his petition which was dismissed below, challenged the manner in which the State's corrective process was used at the reviewing level. From this he argues that ineptness of his appellate counsel left constitutional impingements, occurring at the trial level, uncorrected and infecting his conviction. Even if we reached the competency of counsel question the prospects for reversal, on this record, are pretty dim. After all counsel was appearing before the Supreme Court of Indiana and we, if the issue were reached, would be considering competency of counsel in a different setting than cases such as People v. Stephens, 1955, 6 Ill.2d 257, 128 N.E.2d 731, refusing relief where trial counsel's skill had been attacked. Lawyers, officers of the court, are "licensed to practice, upon proof of character and fitness to perform professional duties. There is a presumption of proper performance of duty by each of them * * *" Dorsey v. Gill, 1945, 80 U.S.App.D.C. 9, 148 F.2d 857, 876. Concerning counsel's competence, Indiana's Supreme Court has said " * * * it should require strong and convincing proof to overcome [that] presumption." Schmittler v. State, 1950, 228 Ind. 450, 467, 93 N.E.2d 184, 191.

Regardless of how it is articulated, Randolph is urging that reversible errors impinging on federal constitutional rights were committed at his Indiana trial, and incompetent appellate counsel deprived him of adequate judicial review on appeal to the state Supreme Court. We are informed in the respondent Warden's brief that the right to counsel on appeal "was established in Indiana in 1941 by the case of State ex rel. White v. Hilgemann, 1941, 218 Ind. 572, 34 N.E.2d 129." But Randolph, never having confronted Indiana courts with the question of his appeal counsel's competency, is insisting there is absent any available State corrective process for protecting his rights by reaching this question. In our Court both sides agree that habeas corpus is excluded and the core question arises on the availability of a writ of error *coram nobis*. The Attorney General of Indiana candidly admits he has been unable to find any cases in his State reports where the competency of counsel question has been considered under petition for a writ of error *coram nobis*, but argues such state of affairs should not be considered as barring the attempted use of such remedy. On the other hand, Randolph's counsel insists the errors are all apparent from the face of the record, hence use of the writ of error *coram nobis* is barred. But whether appellate counsel's course was detrimental to Randolph ought, in my opinion, to be first presented to the Indiana Court, or at least the attempt must be made. I have grave doubts that such a petition for writ of error *coram nobis* would result only in a "merry-go-round" so drastically dealt with in Marino v. Ragen, 1947, 332 U.S. 561, 68 S.Ct. 240, 92 L.Ed. 170; Loftus v. Illinois, 1948, 334 U.S. 804, 68 S.Ct. 1212, 92 L.Ed. 1737. That Randolph does not have "the right under the law of" Indiana "to raise by any available procedure, the question presented," [1] is, in my view, insufficiently demonstrated.

1. "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the

DUFFY, Chief Judge (dissenting).

I think the trial judge erred in proceeding summarily. Upon a hearing, particularly on the question of inadequate representation by counsel, a determination could be made whether the constitutional questions raised were based on facts that appeared of record. I would reverse with instructions for the trial court to conduct a hearing.

State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254.