Connie Andrew DE PHILLIPS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16747.

United States Court of Appeals Ninth Circuit.

Sept. 18, 1961.

Lee H. Cliff, San Francisco, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Asst. U. S. Atty., Chief, Criminal Division, Thomas R. Sheridan, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before POPE, HAMLIN and KOELSCH, Circuit Judges.

POPE, Circuit Judge.

Appellant was indicted for receiving, concealing and transporting 28.5 grams of heroin in violation of 21 U.S.C.A. § 174. Upon his trial by the court sitting without a jury, he was found guilty, and sentenced to a term of imprisonment. Upon this appeal his contentions relate solely to the admission in evidence of a quantity of heroin taken from his person by certain state narcotics officers which appellant asserts was illegally obtained by them following an illegal entry into appellant's dwelling and in the course of an unlawful arrest.

Upon motion to suppress this evidence, made before trial and heard by the Honorable Peirson Hall, Chief Judge of the above named court, testimony was taken and the motion denied, the court reciting: "I therefore hold that the arrest was legal, and that the search was valid and deny the motion."

At the trial, before the Honorable William M. Byrne, District Judge, evidence concerning the circumstances under which the heroin was taken from the person of appellant was taken and received from both prosecution and defense. In some respects this differed from that received on the motion to dismiss. In general appellant's counsel was contending, in objecting to receipt of the exhibit containing the heroin, that the information on which the state officers were acting in making the arrest was not shown to be such as to warrant reliance thereon,—hence that the arrest was an illegal one.

Without stating any reason for its ruling, and without the court making any reference or allusion to the earlier motion to suppress, or even indicating that the trial judge had it in mind,[1] the court overruled the objection made to the exhibit, and denied a motion to strike the evidence.

Appellant argues here, first, that the evidence below was such as to compel a ruling that the evidence in question was obtained illegally, and in violation of appellant's constitutional rights. We think that point is without merit. Second, appellant contends that in any event it does not appear from the record here whether, in admitting the evidence, the trial court was relying upon the so-called "silver platter doctrine" which the Supreme Court later held invalid in Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669.[2] For this reason, it is argued, the case should at least be remanded for determination of the lawfulness of the conduct of the state officers under basic principles governing the validity of searches and seizures, as was done in Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688.

On behalf of the Government it is asserted that the evidence clearly proved the lawfulness of the arrest and seizure; also, that while Judge Byrne could correctly receive and consider the evidence

1. At the trial questions were asked of witnesses as to testimony given at the hearing on the motion to dismiss. There was no reference to the outcome of that motion.

2. The case was tried October 9, 1959. The Elkins decision was rendered June 27, 1960.

offered at the trial respecting the circumstances of the arrest and seizure, yet since it appears that the evidence at the trial did not, in any substantial particular, vary from that received before Judge Hall on the prior motion, it must be taken that Judge Byrne's ruling was not based on any ground different than that of Judge Hall; and, as noted, Judge Hall's ruling was based solely on his finding that the arrest was a lawful one.

In support of this argument the Government cites United States v. Wheeler, 3 Cir., 256 F.2d 745, which is based upon the rule that judges of coordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other.

We must concede that the Government's argument is not without some logical persuasiveness. Yet in this criminal case, where we are charged with care to see to it that the accused is given every opportunity for protection of his Constitutional rights, we think we must consider it possible that Judge Byrne may have found the new evidence sufficient to warrant a ruling differing from that of Judge Hall and may nevertheless have based his ruling upon the then accepted "silver platter doctrine" which, as the Elkins and Rios cases show, was then being recognized by this court. We therefore conclude that fairness requires that the record here disclose the precise reasons for that ruling. In this respect we have a situation comparable to that in Loftus v. People of State of Illinois, 334 U.S. 804, 68 S.Ct. 1212, 92 L.Ed. 1737. See Dixon v. Duffy, 342 U.S. 33, 72 S.Ct. 10, 96 L.Ed. 46. The appeal is continued for the purpose of permitting the trial court to make known by certificate the grounds for its ruling admitting the exhibit referred to, and its denial of the motion to strike the evidence.

That court is asked to certify whether its rulings in this respect were based upon the so-called "silver platter" rule, or were based upon the court's finding that the circumstances of the arrest were such as to make the arrest a valid one. To the extent necessary to permit such certification the case is remanded to the district court. Upon receipt of such certificate the cause on appeal shall be deemed submitted for final decision here.